W. F. TURNER AND W. E. OTIS v. ROBERT D. REESE.

1. REPLEVIN; *Defense.* The pendency of an action of replevin for the same property between the same parties in the same court, is a good defense against the prosecution of a second action of replevin.

2. ———— *Title to the Property During Suit.* Where a defendant in a replevin action executes a redelivery undertaking to the plaintiff, and receives a return of the property from the sheriff, the title to the property during the litigation remains the same as it was before, in every respect, except the defendant and those holding under him obtain thereby the right of possession, and such possession cannot be rightfully disturbed by plaintiff.

*Error from Montgomery District Court.*

THE facts in this case are substantially as follows: On or about the 13th day of January, 1876, the plaintiffs in error, by virtue of a chattel mortgage given by one B. Grubb to T. O. Ford, and by him assigned to said plaintiffs in error, took possession of a certain lot of corn, grown on one hundred acres of land in Montgomery county. Thereupon the defendant in error, on January 15, 1876, commenced an action in replevin, in the district court of said county, against *Wm. E. Otis,* one of the plaintiffs in error, to recover the possession of said corn, claiming it by virtue of a prior mortgage. *Otis* gave a redelivery bond, and kept possession of the personal property. On the 12th day of February following, *Otis* filed his answer to the petition of *Reese,* setting up that he did not individually detain the property in controversy, but that it was detained by him and *W. F. Turner,* partners as *Turner & Otis,* under and by virtue of a chattel mortgage executed by said B. Grubb, on December 11, 1875, to one T. O. Ford, and afterward duly assigned to the said plaintiffs in error. On March 30, 1876, the court sustained the allegations of this answer, and gave said *Reese* thirty days from the rising of the court to make new parties defendant in his case. This amended petition was not filed till September 7, 1876. Both of the plaintiffs in error were made

defendants in that action. The amended petition alleged that said firm of *Turner & Otis* wrongfully detained the property for a period of ten days prior to the commencement of the action. This case was numbered 26 on the docket of the trial court.

On the 15th day of November, 1875, plaintiffs in error recovered a judgment against said B. Grubb (the mortgagor in both mortgages), in a justice's court in said county, for the sum of $216.02, and filed a transcript thereof in the office of the clerk of the district court of said county, and on June 2, 1876, *Turner & Otis* caused execution to issue upon said judgment; and thereupon the sheriff of said county levied said execution, June 7, 1876, upon said corn, as the property of B. Grubb, subject to the chattel mortgage given by Grubb to Ford, but did not take possession of the property. Upon such levy being made, and while the property was still in the possession of *Turner & Otis*, said *Reese* brought, on June 9, 1876, his second action in the said district court to recover the possession of said corn. In this action he made J. T. Brock, the sheriff, the defendant. A redelivery bond was given, as prescribed by law, and the property continued in the possession of the plaintiffs in error. At the September Term following, the plaintiffs in error were substituted, on their application, under § 45 of the code, as the defendants, and on September 5, 1876, filed their answer to the petition of said *Reese*, which contained, first, a general denial; and, second, that at the date of the commencement of the second action there was and still is pending another action in the same court, between the same parties plaintiff and defendant, for the same cause of action and same property, to wit: Term No. 26, which was commenced January 15, 1876, and is still pending and undetermined. This second action was numbered 86 on the docket of the trial court. It was called for trial September 18, 1876. A jury being waived, it was tried by the court. Upon the hearing, the court decided that the case ought not to abate, notwithstanding the allegations and proof of the pendency of the prior suit No. 26, and

finally rendered judgment upon the issues in favor of said *Reese,* and found the value of the property detained to be the sum of $325. Leave was given plaintiffs in error to make a case in No. 86, and they are now here seeking a review of the rulings of the court, and a reversal of the judgment entered against them in that case.

*Geo. & Jos. Chandler,* for plaintiffs in error.

*Daniel Grass,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial of this case, the plaintiff in error offered in evidence the papers in case No. 26, of Reese v. Turner & Otis, then pending in said court; and thereupon said Reese admitted that said actions Nos. 26 and 86 were both between the same parties plaintiff and defendant, and for the identical property, and that the action commenced January 15th, 1876, was then still undetermined; that at the time of the commencement of said action of June 9th, 1876, said Turner & Otis were in the possession of said property, and that said actions were both brought and are still pending in the same court; and thereafter the court proceeded to hear and determine whether the said Reese was entitled to the possession of the corn under the prior chattel mortgage executed to him by said B. Grubb, on November 18th, 1875, and upon the evidence, decided adversely to said plaintiffs in error, and in favor of said defendant in error. All of this was erroneous. If we consider that action *No. 26* was another action for the same cause between the same parties, in the same court, then, being the prior action and still pending, the pendency of such action was a complete bar to the prosecution of this suit. This being the subsequent suit (having been commenced on June 9th, 1876, and the former action having been commenced on January 9th, 1876), it ought to have been abated. If it be contended, however, that this action was for trial the same as if the sheriff had continued the only defendant, and that the substitution of Turner &

Otis in the place of the officer did not vary or change the issues or the rights of said Reese, still, under his admissions, he was not entitled to recover.   At the time of the commencement of said action, Turner & Otis, and not the sheriff, were in the possession of the property, and had control of it.   On January 17th, 1876, Turner & Otis had executed a redelivery bond to said Reese in said action No. 26.   Under our statutes, the title to the property in dispute, after the acceptance of such undertaking, during the litigation, remained the same as it was before in every respect, except that Otis and those holding under him obtained the right of possession, with such a special right of property, that they could have maintained replevin for the property against anyone who should disturb their possession. (*Kayser v. Bauer*, 5 Kas. 202.)

The admission of the defendant in error of the possession of the property by plaintiffs in error at the commencement of the second suit, is conclusive against him.   We must consider this part of the case in that light.   As Turner & Otis continued to retain the property, and as their possession and detention were not wrongful or unlawful against the defendant in error, the latter had no cause of action against any one in this case.   In the absence of any wrongful detention on the part of a defendant against a plaintiff, no cause of action exists.

The judgment of the district court must be reversed.

All the Justices concurring.