RICHARD BLACO, PLAINTIFF IN ERROR, v. W. D. HALLER, DEFENDANT IN ERROR.

1. **Forcible Entry and Detainer: COMPLAINT: JURISDICTION..** The complaint under the statute for the forcible entry and detention of property merely charged that the defendant entered upon the premises in controversy " with force and violence," and that he had "with force detained the same." *Held*, that it was fatally defective in omitting to charge that such entry and detention were *unlawful*, and conferred no jurisdiction upon the court to issue the summons.

2. **Jurisdiction of County Court.** County courts have jurisdiction of actions for the forcible entry and detention of real property.

ERROR to the district court for Washington county.

It was an action of forcible entry and detainer, brought by defendant in error against plaintiff, in the county court of Washington county; finding and judgment for defendant in error. Plaintiff in error prosecuted a petition in error to the district court of Washington county, Nebraska, where the findings and judgment of the county court were affirmed by SAVAGE, J. To reverse the judgment of the district court, this petition is prosecuted in this court.

*E. Estabrook,* for plaintiff in error.

*Carrigan & Osborn* and *Ballard & Walton,* for defendant in error.

LAKE, J.

The action below was brought under the statute relating to the forcible entry and detention of real property. Numerous errors are assigned, but the only ones well taken concern the complaint, which, in the

opinion of the court, is fatally defective in omitting to charge that the entry and detention complained of were " unlawful."

This action is purely a statutory remedy, and can be resorted to only against those who make " unlawful and forcible entry " into lands or tenements, or against those who, having a lawful and peaceable entry, " unlawfully and by force " hold the same.   Code of Civil Procedure, sec. 1019.  [Gen. Stat., 688].   It is merely charged in this complaint " that the said Richard Blaco did, on the 1st day of December, 1876, with force and violence enter upon said premises, and has with force detained the same, and deprived your plaintiff of the possession thereof."

Now all that is here charged against the plaintiff in error may have been literally true, and fully established by the evidence, and yet, not being *unlawful*, there was no ground for a recovery in the action.   The inference to be drawn from the omission to charge the entry and detention to have been unlawful is, that Blaco was legally entitled to the possession of the premises into which he had " forcibly " intruded himself.

. That it is necessary, in view of the peculiar language of the statute, to allege the entry or detention to have been unlawful is too plain, it would seem, to admit of the least question.   The controlling words of the statute are " force " and " unlawful."   They are to be taken in their ordinary sense.   They are not usually understood as being of the same import.   The exertion of force may or it may not be unlawful.   If a wrong-doer should, during the absence of the owner, take possession of a house, would his forcible ejection therefrom by the latter on his return furnish any ground for a recovery in this form of action ?   No one would so contend.   And yet such act on the part of

the owner of the house could truthfully be made the basis of a charge as grave as that set out in this complaint. In the case supposed the owner of the house might, indeed, have gone so far in his exhibition of force as to render himself liable for an assault and battery, or other breach of the peace, and still that would furnish no ground for an action to take from him the possession of his home thus forcibly regained.

An act may be " unlawful," and no " force," as the word is generally understood, be exerted. So, too, the exertion of " force " may, or it may not, be " unlawful." As before stated, these words are not of the same import, and the use of both is essential to a perfect complaint in this form of action. Neither can be disregarded, and a cause of action be stated. As to the necessity of a valid complaint to give the court jurisdiction there can be no doubt, for section 1023 of the code provides that: " The summons *shall not issue* until the plaintiff shall have filed his complaint in writing with the justice, which shall particularly describe the premises entered upon or detained, and shall set forth either an unlawful and forcible entry and detention or an unlawful and forcible detention after a peaceable or lawful entry of the said premises." Gen. Stat., 689. And there being no such complaint, as the statute provides shall precede the issuing of the summons, the proceeding was unauthorized, and the challenge to the jurisdiction of the court by the plaintiff in error ought for that reason to have been sustained.

The objection strenuously urged upon our attention, that county courts have no jurisdiction of actions for the forcible entry and detention of property, was not well taken. County courts are the successors of our former probate courts, upon which were expressly conferred, by the act of March 3, 1873, concerning probate courts, " the ordinary powers and jurisdiction of

a justice of the peace " in civil cases.    Gen. Stat., 263, sec. 2.    And justices of the peace are expressly authorized " To try the action for forcible entry and detention, or the detention only, of real property," by the act concerning their general jurisdiction.    Code of Civil Procedure, § 905.    Gen. Stat., p. 665.

On the sole ground, therefore, of the insufficiency of the complaint, and the consequent want of jurisdiction in the court to proceed with the case, the judgments of both the district and county courts are reversed, and the cause remanded to the county court for further proceedings.    Leave is given to the defendant in error to file a new complaint upon payment of costs accrued since filing the original complaint.

REVERSED AND REMANDED.