Bond v. White.

## L. C. BOND. v. G. W. WHITE.

24 45
52 611

1. PENDENCY OF A PRIOR ACTION, *as a Defense.* The pendency of a prior action is a defense in an action of forcible entry and detainer, to the same extent as in any other action.

2. APPEAL; *Action Pending.* Where, in an action commenced before a justice of the peace, after trial had and judgment rendered, an appeal bond is duly filed and approved, the appeal is thereby perfected, and the action is still pending, although no transcript has been filed with the clerk of the district court.

3. FORCIBLE ENTRY AND DETAINER; *Competent Evidence.* In an action of forcible entry and detainer, commenced March 26th, 1879, the defendant, upon the trial, offered the transcript of the record of an action before a justice of the peace, of the same nature, between the same par-

ties, and for the recovery of the same land,. which transcript contained all the proceedings before the justice, and showed that on March 19th, 1879, a judgment was rendered in said action, and on the same day an appeal bond duly filed and approved. *Held,* That such transcript was competent testimony, as tending to show the pendency of another action.

### Error from Neosho District Court.

ACTION of forcible entry and detainer, brought by *White* against *Bond,* to obtain restitution of a certain quarter-section of land. Trial at the July Term, 1879, of the district court, and judgment for plaintiff. *Bond* brings the case here. The facts are stated in the opinion.

*L. Stillwell,* for plaintiff in error.

*Hutchings & Denison,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of forcible entry and detainer, commenced in a justice's court by White, plaintiff below, against Bond, defendant below, to obtain restitution of a quarter-section of land in Neosho county. White recovered before the justice, and Bond appealed. The trial in the district court again resulted in favor of White, and Bond brings the cause to this court for review.

· We shall pass the first question presented by counsel, with the simple remark that we consider the complaint sufficient. It was a pleading in the justice's court, and the defendant could in no manner have been misled by it. The only question we deem it necessary to consider is a ruling on the admissibility of certain testimony offered by defendant. This testimony was a transcript of the record of an action between the same parties. By this transcript it appeared, that on February 25th, 1879, plaintiff commenced an action of forcible entry and detainer, for the recovery of the possession of the same land. The complaint charged the forcible entry and the notice to quit upon the same day as were alleged in the complaint in the case at bar. Indeed, the two cases were in all respects alike. The transcript further showed that the

case proceeded to trial and judgment on the 19th day of March, 1879; and that on the same day an appeal bond was duly filed and approved. The present action was commenced March 26th, 1879.

We think this evidence was competent. It tended to show another action pending between the same parties. It was a complete record, a transcript of the entire proceedings before the justice, all that he could authenticate. The filing and approval of the appeal bond perfected the appeal. (*St. L. L. & D. Rld. Co. v. Wilder*, 17 Kas. 243; Comp. Laws 1879, p. 720, § 122.) Whether the justice filed the transcript with the clerk of the district court before the 26th of March, or within the twenty days prescribed by statute, is immaterial: the appeal was perfected, and there was a case pending. As against the admissibility of this record, counsel for defendant in error say:

"It neither proved that an action was pending, nor that a judgment was in force. It simply showed that a long time previous a case had been tried between the same parties, and dismissed, and that White appealed from the order of dismissal, since which one or more regular terms had elapsed. (Dass. Comp. Laws, p. 322, § 20.) The records of the district court were the best and only evidence of the pendency or disposition of that case after it was appealed to that court; but they were not offered, because counsel knew they would neither show a judgment on the merits, nor a suit pending. The court would take judicial notice of the dismissal or disposition that had been made of that case in that court, and hence knew this transcript to be immaterial. (*State v. Bowen*, 16 Kas. 475.)

"The offering of this transcript, under the circumstances, when the production of the records of the district court there present in the room would have shown whether the action was pending, had been dismissed without prejudice, or gone to judgment on the merits, was mere trifling. The question whether one judgment or action of this kind pending is a bar to another, is not presented by the record. The transcript offered, if it had been introduced, would not have proved either. The former judgment was vacated by the appeal, and whether another had been rendered, or the action

was still pending, or had been dismissed without prejudice, no proof was offered."

In reply, it may be said that the district court in the trial of one case does not take judicial notice of the proceedings in other cases, even though on its own records. They must be offered in evidence, as any other facts. We do not know that the court placed its ruling upon any such ground, for in objecting to this evidence counsel ran through nearly the entire catalogue of possible objections to the admission of testimony, and nothing indicates upon what ground the decision was placed. Even if the record of the district court showed no action in respect to that case, or even failed to show the existence of the case, it would not follow that the action was not pending. The appeal was perfected. There was a case in existence, and no omission or neglect of the justice could destroy it. The plaintiff might dismiss it, but the records should show such a dismissal. His neglect would not dismiss or abate it. Cases once legally commenced continue until some affirmative action is shown discontinuing them. After the appeal is perfected, the dismissal or other disposition of the case should appear on the records of the district court. Counsel offered the entire transcript of the case before the justice. That disclosed affirmatively the continued existence of the action. Whether, if that had been admitted, he could or would have followed it up by the records of the district court showing action in the case there and continuance from term to term, we can only conjecture. It was useless to offer records of continuance or other action in a case, till its identity with the one on trial was shown.

It seems to us, therefore, that this was testimony which fairly tended to prove the pendency of another action between the same parties, for the same cause. If such prior action existed, it was a good defense to this. Whatever may be the force or effect of a judgment in forcible entry proceedings upon subsequent actions, the same rule obtains as to the effect of a pending action, as in other cases. A party may not be vexed by two actions at the same time, for the same thing;

and this is true, and equally true, whether they be forcible entry, replevin, or on promissory notes. "The law abhors a multiplicity of actions, and therefore, whenever it appears on record that the plaintiff has sued out two writs against the same defendant for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *infinitum*, and it is not necessary that both should be pending at the time of the defendant's pleading in abatement; for if there was a writ in being at the time of suing out the second, it is plain the second was vexatious and ill, *ab initio*." (1 Bacon's Abridgment, p. 28. See also *Capehart v. Van Campen*, 10 Minn. 158; *Harris v. Johnson*, 65 N. C. 478; *Grambsy v. Ray*, 52 N. H. 513; *Gregory v. Gregory*, 33 N. Y. Superior Ct. 1; *Mullen v. Mullock*, 22 Kas. 598.) No reason exists why a party should be permitted to maintain at the same time more than one suit in forcible entry. If he is conscious of mistake in the one he has commenced, let him abandon it and try again. But he has no right to harass the defendant by mere multiplicity of actions.

For this error in the trial, the judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.