## W. L. CHALLISS v. D. M. SMITH.

TWO ACTIONS PENDING; *Plea in Abatement, Sustained.* Plaintiff commenced an action against defendant, a non-resident, attached certain real estate, made service by publication, obtained judgment and an order of sale of the attached property. The defendant did not personally appear, and jurisdiction was obtained by attachment and publication only. Thereafter, and before any sale of the attached property, defendant coming into the state, plaintiff, ignoring entirely the attachment proceedings, commenced an action on the original indebtedness, and caused the arrest of the defendant thereon. The defendant pleaded in abatement the attachment proceedings. *Held,* That in the absence of evidence that the attachment proceedings had been consummated by a sale, or that they were valueless by reason of defect of title in the property attached, incumbrances thereon, or otherwise, the plea was properly sustained, and a judgment in favor of the defendant must be affirmed.

*Error from Doniphan District Court.*

AT the December Term, 1880, of the district court, *Smith,* as defendant, had judgment against *Challiss* as plaintiff, who brings the case here. The opinion states the facts.

*W. W. Guthrie,* for plaintiff in error.

*Albert Perry,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: A few facts present the question in this case. Defendant being a non-resident, and indebted to plaintiff, the latter commenced an action, attached certain real estate as the property of defendant, made publication, obtained judgment and order of sale of the attached property. Thereafter, defendant coming into the state, plaintiff, ignoring all the proceedings had, brought an action on the original indebtedness, and sought an arrest of the defendant. The district court held that the action could not be maintained. Was this error? The proceedings in the former case had passed to judgment, but not to sale. Whether upon the sale the judgment would have been satisfied, is a matter of mere speculation. Nothing shows the value of the property attached, and while the record title seems to have been in defendant's wife, yet it is shown that by proper proceedings to which she was a party a sale was ordered to satisfy the judgment in the attachment case. However, in the view we take of the case, the latter proceedings have little significance. We concede for the purposes of this case that such a judgment does not conclude the defendant personally, or reach any property save that which is attached. While there may be a difference between the authorities, we shall assume that the law is as thus stated. Nevertheless, it must be conceded that the attachment proceedings bind the defendant's interest in the property attached; that the judgment therein carries costs and claim; that sale may be ordered and sustained of defendant's interest in the property attached; and that out of the proceeds the

costs must first be paid, and then the claim. Under such circumstances, no second suit should be maintainable until the remedy sought in the first has been exhausted; or, unless it is shown that such remedy is in fact valueless, the principle that prevents multiplicity of suits, that prohibits that a defendant be twice vexed, controls. If the plaintiff, ignoring the first suit, may commence a second action, he may on the same principle ignore the second and commence a third, and so on indefinitely. Thus the defendant is unnecessarily vexed and wronged, and the time of the court improperly consumed. Generally, the pendency of one action is a bar to a second. (*Bond v. White*, 24 Kas. 48; 2 Kent's Com., side page 123, and notes.) Here the first action is in one sense pending. It is an unfinished proceeding to subject certain property to the payment of this plaintiff. True, a judgment *pro forma* was entered, but counsel for plaintiff contends and we concede that such judgment is not binding personally on defendant, and is no general adjudication of the fact of indebtedness. Hence it is but one fact, one step in an unfinished proceeding *in rem*. Until that proceeding is finished, or unless it is shown to be valueless, the defendant is entitled to protection against further litigation. Any other rule would tend to great injustice. By the attachment, the control of the property is lost to defendant. He cannot realize on it, because any sale would be subject to this lien. Suppose the property attached were the only property of defendant: would it not be a strange commentary on judicial proceedings, if a plaintiff could attach the property, and thus prevent a sale, and then turn around and arrest the defendant for not selling and paying the debt? How many suits in attachment can a plaintiff commence, and how many pieces of property can he separately attach? And can he, after tying up in various suits all the property of defendant, commence a new suit and arrest him for debt? The very scope of the inquiry suggests and compels the answer.

But it may be said, must a plaintiff, although having taken judgment, go on to sale when he finds that the sale will pro-

duce nothing either by reason of defect of title, amount of incumbrances, or otherwise, before he seeks another remedy? Probably not; but if he seeks other remedy he should affirmatively make it appear that his prior proceeding has proved a failure, and his remedy valueless. Its existence is *prima facie* evidence of its value. That he commenced it is as against him a presumption that he derived benefit from it. If it was a failure, either partial or· total, he must show it, otherwise his remedy must be adjudged good and sufficient. Without pursuing this argument further, the summing-up is this: either the judgment in the attachment suit is a binding adjudication upon the indebtedness and therefore a bar to any action on the original claim, or else it is one step in an unfinished and pending proceeding in the courts to subject property of defendant to the satisfaction of the plaintiff's debt, and such proceeding, until finished or unless shown to be a failure either in whole or in part, is a good defense in abatement of the present action.

The judgment must therefore be affirmed.

All the Justices concurring.