The opinion of the court was delivered by
Brewer, J.:
This was an action of replevin, brought by defendant in error to recover possession of a mare which he -claimed under a chattel mortgage given by one Porter. The plaintiff in error, defendant below, who was a constable, held the property by virtue of a writ issued in an action commenced by one Poster against Porter. The case was tried by a jury, which returned a verdict in favor of the plaintiff. Upon this judgment was entered, and the case is now before us for review. Upon the trial plaintiff offered in evidence a copy of the chattel mortgage under which he claimed, and the first ground of error is that the court admitted such copy, without the production of the original or accounting for its absence. The objection now made is too late; it should have been made at the time of the trial. The only objection then made to its introduction was, that it showed upon its face that it was absolutely void, because not filed as required by law. That objection was not well founded; therefore the •court overruled it. This one was not made, and it is too late to raise it for the first time in this court. (Botkin v. Livingston, 16 Kas. 41.)
A second objection is, that the verdict was in favor of one John Beals, while the judgment was in favor of James Beals. *658 This was a mere clerical error. The case-made shows that the jury were impanneled in th,e case of James Beals; that they retired^and returned the following verdict, entitling it? “John Beals «.William Edmondson. We the jury find the issue’s joined for the plaintiff,” etc. As all the papers in the case, except the verdict, were in the name of James Beals, and as the jury returned their verdict in the case of JamesBeals, it is obvious that this is a mere clerical error, and therefore must be disregarded.
The final objection is, that the court erred in its instructions. Under the certificate of the trial judge to the case-made it is doubtful whether the question sought to be presented is-fairly before us. That certificate is, “that the case-made contains a statement of most of the evidence, . . . and a partial statement of the instructions.” Now how far the-matter which is objected to was qualified by other portions of the instructions, we can only conjecture. It may have been so qualified as to have presented the law to the jury exactly as counsel now contend it should have been. Under those circumstances it is well settled that the judgment will not be reversed. (Morgan v. Chapple, 10 Kas. 216; Comm’rs of Brown Co. v. Roberts, 22 Kas. 762.) Further, it may be remarked that probably the law was correctly stated in the particular sentence objected to. That sentence reads*. “ The object of the law in requiring a mortgage placed on file with the register of deeds of the proper county is to give-purchasers and creditors notice of the incumbrance.” Now as a general statement of the purpose and object of the statute requiring the filing of a chattel mortgage, we think this-statement is correct.. Whatever limitations may have been.' proper for this particular case, it is unnecessary to inquire. As a general proposition, the purpose and object of all registry laws is to give notice; and in stating this general proposition as an abstract and general proposition, the court committed no error.
These being the only matters noticed in the brief of plain *659 tiff in error, and in them appearing no error, the judgment •of the district court will be affirmed.
All the Justices concurring.