## McALPIN *v.* PURSE *et al.*

The affidavit and the summons issued thereupon by the magistrate under the code, §4085 *et seq.*. are ·sufficient if they allege that at a certain time the defendant forcibly entered upon the land described, of which the plaintiff was in possession, and forcibly detained said·land from him; and need not describe the manner, means or nature of the force used.

December 1, 1890.

Forcible entry and detainer. Before Judge FALLIGANT. Chatham superior court. June term, 1890.

Reported in the decision.

C. N. WEST, by S. B. ADAMS, for plaintiff.
J. R. SAUSSY, for defendants.

SIMMONS, Justice.··

McAlpin appeared ·before a magistrate and made oath as follows: On February 6, 1890, he. was in pos-.session of lots of land lying in the fifth district G. M. of said county, the lots being known as wharf lots 4, 13, 14 and 16 New Deptford. Being .so in possession of these lots, D. G. Purse and J. C. Rowland, both of Chatham county, did then and there forcibly enter upon the said lots of land and did eject him therefrom. The deponent also says that on the 6th day of February, 1890, he was in possession of the lots of land (describing them as above), and being so in possession of them,

D. G. Purse and J. C. Rowland, both of Chatham county, then and there forcibly detained from him the lands of which he was in possession. Wherefore he prayed that a summons be issued, requiring Purse and Rowland to appear on the 17th day of March, 1890, before the justice of the peace for said fifth district (naming him), and defend the charges of forcible entry and forcible detainer alleged against them by the deponent.

Upon this affidavit the justice of the peace issued a summons directed to Purse and Rowland, reciting the facts in the affidavit, and requiring them to appear before him at his office and defend the charges against them of forcible entry and forcible detainer. When the case came on for a hearing before the magistrate, the warrant and affidavit, upon motion of the defendants, were dismissed as being insufficient in law. McAlpin took the case by *certiorari* to the superior court, alleging that it was error so to dismiss the affidavit and warrant. The judge of the superior court sustained the decision of the court below, and McAlpin excepted.

It seems that the judge held this affidavit to be insufficient in law because it did not assert that the forcible entry was made "by violently taking possession of lands and tenements with menaces, force and arms, and without authority of law," and because it did not assert that the land was forcibly detained in the same manner. In other words, that the affidavit was deficient because it did not follow the definitions of forcible entry and detainer as laid down in the code. We differ from the learned judge in the court below, and think this affidavit was sufficient to authorize the magistrate and a jury to hear and determine the case. In our opinion, it is unnecessary in a proceeding under this statute to describe in the affidavit or the warrant

the manner or means of the forcible entry or the forcible detainer. We think the use of these words, "forcible entry" and "forcible detainer," is sufficient to put the defendant upon notice of the nature and character of the action brought against him, so that he may properly prepare his defence, when he is served with a summons requiring him to appear and defend the charges alleged against him by the deponent. If a criminal warrant had been sued out against the defendants, under our code, §§4714, 4715, it would scarcely be doubted that an affidavit charging a forcible entry and forcible detainer of the deponent's lands would have been sufficient. Under these sections, it is only necessary to name the offence committed by the defendant, in the affidavit and warrant, and it is not necessary to set out the facts which constitute the offence. Under these sections, an affidavit charging that a defendant committed the crime of murder, would be sufficient upon which to authorize a magistrate to issue a warrant; and under section 4716, it is only necessary for the magistrate, when he issues the warrant, to name the offence therein. If, therefore, McAlpin had sued out a criminal warrant and made affidavit that these defendants had committed the offence of "forcible entry and forcible detainer," it would have been sufficient to authorize the magistrate to hear the case and bind the defendants over, if the evidence warranted it. If this would have been sufficient in a criminal case, why is it not sufficient in a civil case? In a criminal case the prosecutor would have had to prove the mode and manner of the forcible entry and detainer. He would have had to prove that the defendant violently took possession of the land with menaces or with force and arms and without authority of law, and the defendant could have justified himself by disproving these charges. In a civil case it would be necessary for the

v 86-18

plaintiff to prove the same things, and the defendant could make the same defence ; and he would be just as well prepared to make the defence in a civil proceeding as he would be in a criminal proceeding.  It being unnecessary, therefore, in a criminal proceeding to set out in the affidavit and warrant the mode and manner of committing the offence, we do not think it is necessary in a civil proceeding to set them out; especially as the only facts the jury can inquire into upon the trial are the possession and the force.  Code, §4087. These being the only facts which could be inquired into in this case, the defendants were certainly put upon notice of what they were called upon to answer when served with a warrant charging them with forcible entry and forcible detainer.  The warrant notified them that they were charged with taking possession of the plaintiff's land described in the affidavit and warrant, oy force, and detaining the same by force; and in our opinion, it was unnecessary to go further and set out in the affidavit or the warrant the nature of the force used, whether it was violence or threats or menaces.

*Judgment reversed.*