FLORENCE A. RICHARDSON, *et al.* v. ELISHA PENNY

(Filed July 30, 1897.)

1. FORCIBLE ENTRY AND DETAINER—*Complaint—Sufficiency Of.* In an action of forcible entry and detainer, or of forcible detainer, it is not necessary for the complaint to contain a statement of the particular facts relied upon to constitute the alleged forcible entry or forcible detention, but such complaint is sufficient in this regard if it contains the language of the statute. That portion of the decision of this court in *Rice v. West,* holding to the contrary, is overruled.

2. PLEADING—*Pendency of a Prior Action—Defense.* The pendency of a prior injunction suit between the same parties and concerning the possession of the same real property can not be plead by one of said parties as a defense to an action of forcible entry and detainer, and the trial court properly sustained a demurrer to a paragraph of answer alleging such facts.

3. NOTICE TO QUIT—*Service of Same—Sufficient.* The service of the written notice to quit, required by the forcible entry and detainer act, upon some one over twelve years of age on the premises in controversy is sufficient.

4. CONTINUANCE—*Application For—Discretion of the Trial Court.* An application for a continuance is addressed to the sound discretion of the trial court and, unless the record discloses an abuse of such discretion, this court will not reverse the ruling of the trial court thereon.

5. PROCEEDINGS—*Not Contained in Record Cannot be Considered.* This court cannot take cognizance of proceedings which are not included within, or properly made a part of, the original record filed herein.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before
A. G. C. Bierer, District Judge.*

*Morris & Kellogg* and *Green & Strang* for plaintiffs in error.

*H. R. Thurston,* for defendant in error.

This was an action commenced in the justice court, by Elisha Penny against F. A. Richardson, S. E. Richardson, Joseph Murray and William Monroe, for the forcible entry and detention of the east eighty feet of lot 1, in block 28, in the city of Perry, Noble county, this Territory. On the trial thereof, before said justice of the peace, judgment was obtained by plaintiff against all of said defendants, who appealed to the district court of said county and, thereafter, on the 18th day of December, 1895, said cause was tried in said district court, to the court, both parties waiving the right to a trial by jury, and upon the trial in said court, the said defendant, S. E. Richardson, disclaimed any possession, or right of possession, for himself to said lot, and, at the conclusion of said trial, judgment was entered in favor of plaintiff and against the defendants Florence A. Richardson and

the said Murray and Monroe. From said judgment of said district court defendants bring error. The other material facts are stated in the opinion.

Opinion of the court by

KEATON, J.: The first error assigned which is urged in this court by counsel for plaintiffs in error is, that the court below erred in overruling the demurrer of defendants below to plaintiff's amended complaint on the ground that same does not state facts sufficient to constitute a cause of action. This complaint, omitting the caption, prayer and verification, is in the following language:

"Now comes the plaintiff in the above entitled action and for his cause of action alleges:

"The plaintiff alleges and avers that he is entitled to the possession of 80 feet off of the east end of lot 1, in block 28, in the city of Perry, Oklahoma Territory, and the plaintiff alleges and avers that the defendants herein, Florence A. Richardson, S. E. Richardson, Jos. Murray and ———Monroe, whose Christian name is to the affiant unknown, did on or about the 12th day of January, 1895, enter upon possession of said 80 feet off of the east end of lot 1, in block 28, in the city of Perry, Oklahoma Territory, and wrongfully and unlawfully and surreptitiously and clandestinely, and without the knowledge or consent of plaintiff, wrongfully and unlawfully and with force now hold the same; that the unlawful entry upon, possession of, 80 feet of said lot, was made on or about the 12th day of January, 1895, in the night time, and the defendants by force wrongfully hold the possession of the 80 feet of said lot from plaintiff.

"The plaintiff further alleges and avers that before the commencement of this action he caused a written notice to be served upon each of the defendants herein three days before the commencement of this action to surrender up possession of the premises hereinbefore described, and the defendants refused to surrender up the possession of the 80 feet of the lot."

While the writer cannot commend the above complaint for its elegance of composition and grammatical construction, yet, I should hardly have considered that counsel for plaintiff in error are serious in their contention that a general demurrer should have been sustained thereto, were it not for the decision of this court, per Dale, C. J. ,in *Rice v. West,* reported in 33 Pac., page 706, wherein it is held, under sec. 4, art. 16, ch. 71, Ok. St. 1890, which, in so far as the question now being considered is concerned, is, in effect, the same as sec. 171, ch. 67, of our present statutes; that:

"The first cause of action attempted to be set up in the complaint states that 'defendants entered said premises unlawfully, and have detained the same unlawfully, and hold the same by force.' It will be seen that the allegations are mere conclusions, and that no fact upon which to base the same appears. Code Civil Procedure, sec. 4, art. 9, ch. 70, clearly defines what is necessary in a complaint in the following language: 'The complaint shall contain a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.' Section 4 of the forcible entry and detainer act prescribes that summons shall not issue until the plaintiff shall set forth either an unlawful and forcible entry and detention, or an unlawful detention. By the use of this language it follows that the general provisions of the code, as defined in sec. 4, art. 9, ch. 70, *supra,* must be followed in a complaint under the forcible entry and detainer act. There are many different modes by which a person may make an unlawful and forcible entry or detention of property, and the facts constituting such unlawful entry or detention should be set forth, to enable the defendant to fairly understand how he is charged."

In support of the doctrine announced in the language just quoted, the learned chief justice cites the following cases; *Blaco v. Haller*, 9 Neb. 149, 1 N. W. 978, and *Sanches v. Luna*, 1 N. M. 238. I do not think that either of these cases support the doctrine so announced. In *Blaco v. Haller, supra*, it is held that:

"The complaint under the statute for the forcible entry and detention of property merely charged that the defendant entered upon the premises in controversy 'with force and violence' and that he had 'with force detained the same.' *Held*, that it was fatally defective in omitting to charge that such entry and detention were unlawful, and conferred no jurdiction upon the court to issue the summons."

And in giving their reasons for so holding, the supreme court of Nebraska, per Lake, J., says:

"That it is necessary, in view of the peculiar language of the statute, to allege the entry or detention to have been unlawful is too plain, it would seem, to admit of the least question. The controlling words of the statute are 'force' and 'unlawful.' They are to be taken in their ordinary sense. They are not usually understood as being of the same import. The exertion of force may or it may not be unlawful. If a wrong-doer should, during the absence of the owner, take possession of a house, would his forcible ejectment therefrom by the latter, on his return, furnish any ground for a recovery in this form of action? No one would so contend. And yet such act on the part of the owner of the house could truthfully be made the basis of a charge as grave as that set out in this complaint. In the case supposed the owner of the house might, indeed, have gone so far in his exhibition of force as to render himself liable for an assault and battery, or other breach of the peace, and still that would furnish no ground for an action to take from him the possession of his home thus forcibly regained."

How the reasoning just quoted can be construed to support the proposition that "there are many different modes by which a person may make an unlawful forcible entry or detention of property, and the facts constituting such unlawful entry or detention should be set forth, to enable the defendant to fairly understand how he is charged," is difficult of comprehension. As however, the Nebraska forcible entry and detainer statute is almost identical with ours, a decision of the supreme court of that state, upon the question here involved, should be received by this court as of considerable, if not controlling, weight; and if the decision of the supreme court of said state, in *Blaco v. Haller, supra,* leaves the position of said court upon this question in doubt, it has been definitely settled in the recent case of *Blatchford v. Frenzer,* 62 N. W. 1101, where said court, in construing sec. 1023 of the Code of Civil Procedure, says:

"The defects said to exist in this complaint is that it contains no allegation of facts as to how or when or under what circumstances Mrs. Blachford obtained possession of said premises; that it contains no averment of facts showing that she was the tenant of Frenzer. In other words, that the language of the complaint that Mrs. Blachford unlawfully and forcibly detains possession of said premises, and unlawfully and forcibly holds over the term of said lease, are mere conclusions; and that there are in the complaint no statement of facts which show that Mrs. Blachford unlawfully and forcibly detains possession of the premises, or unlawfully and forcibly holds over her term. A complaint of unlawful and forcible detention to be good under this section, need not aver facts which show that the defendant unlawfully and forcibly detains possession of the premises. The complaint is sufficient if it is in the language of the statute. The legislature designed by the enactment of

this statute to provide a summary remedy by which the owner of real estate might regain possession of it from one who had unlawfully and forcibly entered into and detained possession thereof; or one who, having lawfully entered, then unlawfully and forcibly detains possession. Justices of the peace have original jurisdiction of this class of cases. And it was not the intention of the legislature that the rule which requires a pleader to state the facts constituting his cause of action or defense should be applied to complaints in forcible detainer actions. (*Barto v. Abbe*, 16 Ohio 408; *Brown v. Burdick*, 25 Ohio St. 260.) The complaint states a cause of action, and the assignments of error, that the district court erred in admitting any evidence under it on behalf of Frenzer must, therefore, be overruled."

Said section 1023, upon which the above reasoning is based, is in the following language:

"The summons—in an action of forcible detainer, shall not issue until the plaintiff shall have filed his complaint in writing, with the justice, which shall particularly describe the premises so entered upon or detained, and shall set forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peacable or lawful entry of the described premises.

And that portion of the complaint in that case which charges, the unlawful and forcible entry and detention, is as follows:

"Mrs. M. A. Blachford, who is the actual occupant of said premises, unlawfully and forcibly detains possession of said premises, and unlawfully and forcibly holds over the term of said lease."

In the case of *Barto v. Abbe*, 16 Ohio 408, cited in *Blachford v. Frenzer, supra*, it is said:

"The statute gives the form of the writ which was followed in this case. The complaint follows also the

words of the statute. (Swan's Stat. 417.) This has always been held sufficient. The proceedings of magistrates are required to be treated with great liberality. It would be more than could be reasonably asked under ordinary circumstances, to insist that these convenient and useful tribunals should pay the same regard to technicality, that might be proper in the courts of record; yet, in the latter the form of this complaint would be sufficient. It alleges that 'the said C. Barton doth unlawfully and forcibly and with a strong hand detain from the possession of,' etc., the land therein described. If the plaintiff in detainer had a cause of action that coud be substaintiated by proof, this form was sufficient; and, if not, the defendant would defeat him for a failure in proof."

And in *Brown v. Burdick*, 25 Ohio .St. 260, (so cited,) it is held:

"In an action of forcible detainer, a complaint alleging 'that the said C. W. B. has, ever since the first day of January, 1870, unlawfully and forcibly, detained, and still doth detain from the undersigned possession,' etc., of the premises, is sufficient to give a justice of the peace jurisdiction of the case."

In *McAlpin v. Purse*, (Ga.) 12 S. E. 412, it is held:

"In an action of forcible entry and detainer, it is sufficient for the affidavit and warrant to state that defendants forcibly entered and forcibly detained the premises, without setting out the nature of the force used, and, in discussing this question in the body of the opinion, the court says: 'In our opinion, it is unnecessary, in a proceeding under this statute, to describe in the affidavit or the warrant the manner or means of the forcible entry or the forcible detainer. We think the use of these words, 'forcible entry' and 'forcible detainer' is sufficient to put the defendant upon notice of the nature and character of the action brought against him, so that he may properly prepare his defense when he is served

with a summons requiring him to appear and defend the charges alleged against him by the deponent." See also *Shannon v. Grindstaff*, (Wash.) 40 Pac. 123; *McNatt v. Grange Hall Ass'n. etc.*, (Ind.) 27 N E. 325; *Bradford v. Tilly*, 2nd Mo. App. Rep. 1204.

In the case last cited, it is held: "That a statement in unlawful detainer in justice court which is in the form given in Rev. St. 1880, p. 2262, and Rev. St. 1855, is sufficient, is *stare decisis.*"

Our statute provides, "The summons shall not issue herein until the plaintiff shall have filed his complaint in writing, under oath, with the justice, which shall particularly describe the premises so entered upon or detained, and shall set forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceful or lawful entry of the described premises." (Sec. 171, ch. 67, Ok. St. 1893.)

Under this statute, which is very similar to those considered in the cases hereinbefore cited, I am clearly of the opinion that it is not necessary for a complaint in an action of forcible entry and detainer, or forcible detainer, to set forth the facts constituting the force relied on, but that a complaint is sufficient, in this particular, which contains the language of the statute, and that that portion of sec. 87, ch. 66, of our civil code, providing that, "the petition must contain a statement of the facts constituting the cause of action," is not applicable to this class of cases, to the extent of requiring the complaint filed threin to state the particular facts constituting the unlawful and forcible entry or detention alleged. The testimony, of course, must necessarily show

these facts, but the pleader is never required to state the evidence upon which he relies to establish the truth of the allegations contained in his pleading.

It appears from the statement of facts in the case of *Oklahoma City v. Hill*, 4 Okla. 521, that the complaint in that case (which was an action of forcible entry and detainer,) was substantially in the language of the statute and, while its sufficiency was never questioned by counsel for the city, defendant below, yet said complaint seems to have been treated as entirely sufficient, both by the trial court and this court. In the opinion of that case, per Bierer, J., it is said:

"The plaintiffs alleged in their bill of particulars that on the 31st day of October, 1893, they were in peaceful and rightful possession of the property described, and that the defendant and its officers wrongfully, illegally and forcibly entered upon the premises and forcibly took possession thereof, and that the defendant still forcibly and wrongfully holds and detains said premises from the plaintiffs. The bill of particulars also alleges notice to quit and leave the premises duly served more than three days before the action was brought, and the bill of particulars was filed on the 15th day of November, 1893."

That portion of the decision, in *Rice v. West, supra,* holding that a complaint in an action of forcible entry and detainer, or of forcible detainer, must contain a statement of the facts upon which the alleged force is based is, therefore, overruled.

II. The next alleged error assigned and complained of by counsel for plaintiffs in error is the ruling of the trial court in sustaining a demurrer to the second paragraph of their answer to the amended complaint, which said paragraph of answer is as follows:

"And for a second and further defense herein defendants allege and show to the court that prior to the commencement of this action and on the ——day of——189— the plaintiff herein had commenced an action in the district court of Noble county, Oklahoma Territory, against these defendants on the same cause and matter involved herein, and in which action the plaintiff sought to obtain the possession of the property involved herein and to prevent any further occupancy thereof by these defendants, which said suit was at the time of the commencement of this action and now is pending and undetermined, and therefore plaintiff should not be allowed to prosecute this action further."

In support of their contention upon this point, counsel have cited *Bond v. White*, 24 Kan. 45; *Wier v. West*, 27 Kan. 656, and *Turner v. Reece*, 22 Kan. 319, in each of which it is held, in substance, that the pendency of a prior action between the same parties and involving the same subject matter is a bar to a subsequent action; but we do not regard either of them as in point in this case. Here defendants sought to plead the pendency of the equitable action of injunction as a defense to an action of forcible entry and detainer between the same parties. While this court has probably gone as far as any to authorize the action of injunction for the various kinds of grievances relating to realty, we are not prepared to say that it has, even in this jurisdiction, displaced the actions of both ejectment and forcible entry and detainer, and we still hold to the well, if not universally, established doctrine that when a party has a plain and adequate remedy at law, he cannot invoke the powers of a court of equity to issue its writ of injunction. This was the position taken by the trial court in the case at bar, which was eminently correct.

In sustaining an objection to the introduction of any testimony under this paragraph of defendant's answer, said court states: "Objections sustained; the court dissolve that injunction on the ground that they had an adequate remedy at law and that was a forcible entry and detainer, and this is the remedy they are pursuing."

It is true that in the case of *Bond v. White, supra,* the court held that "the pendency of a prior action is a defense in an action of forcible entry and detainer, to the same extent as in any other action," but the former action referred to by the court therein was also an action of forcible entry and detainer, and between the same parties for the possession of the same premises, and the same written note to quit was alleged in each complaint, and the former action was still pending, or there was proof offered to show that it was still pending on appeal in the district court. As I understand the mandatory injunction doctrine, so frequently announced by this court, such action can only be restored to where the action of forcible entry and detainer, as well as any other form of action at law, will not lie, or is doubtful or inadequate. (*Woodruff v. Wallace,* 3 Okla. 355.)

III. The next assignment of error insisted upon in the brief of counsel for plaintiff in error is that the trial court erred in overruling the demurrer of defendants below to the evidence introduced on behalf of plaintiff, which was interposed at the close of plaintiff's testimony. This assignment is only urged in behalf of defendant F. A. Richardson, upon the ground that the proof introduced by plaintiff fails to show the service of a written notice to quit three days before the commencement of the

action, as required by statute. The testimony upon this point is that of Carl Crawford, who was at the time a deputy sheriff, and is as follows:

"Q. I will ask you if you served on Murray and Monroe a copy of that notice that you have in your hand? (meaning a written notice just previously exhibited to the witness.) A. Yes, sir.

"Q. Where were they when you served it? A. Well, I couldn't exactly state for certain whether they were both in this building when I served them or not; one of them was.

"Q. This building we have been speaking of? A. Yes, sir.

"Q. This 80 feet of ground upon what is known as lot 1, block 28, city of Perry? A. Yes, sir.

"Q. Were both of them there when you served it? A. I can't remember whether they were or not. One of them was. Either Mr. Monroe or Mr. Murray.

"Q. You served on both a copy of that, did you? A. Yes, sir. * *

"Q. I will ask you if you served S. E. Richardson at that time? A. Yes, sir.

"Q. Did you have any conversation with him at the time you served him with notice? A. Yes, sir.

"Q. Relate that conversation, if it related to the service? A. Why, I says, 'I have one for your wife, also, Mrs. F. A. Richardson;' he told me his wife was sick, he would rather I wouldn't take it up to his house, and he took a copy himself, and I served it on him in proper shape.

"Q. Did he take the notice for her? A. I gave it to him, yes, sir.

"Q. For her? A. Yes, sir."

The evidence further shows that S. E. Richardson was acting as the agent of his wife, Florence A. Richardson, in all matters connected with these premises; that he

rented the property for her, collected the rent and gave receipts therefor as her agent, and that he was still so acting at the date of the trial of this case. In fact, he himself so testifies, in answer to certain questions pro-· pounded by the court, said questions and answers being, in part, as follows:

"Q. Were you the agent of your wife in taking possession of this ground? A. I have been her agent right along but my wife was along personally when we were put in possession.

"Q. I will ask you if you have been collecting these rents and turning it over to her? A. I have been collecting the rents.

"Q. And turning it over to her? A. Using it to my . wife's interests.

"Q. Did you collect it for her? A. Certainly I did.

"Q. For her, simply as her agent for this property? A. Yes, sir."

Plaintiff's testimony, as a witness in his own behalf, tended to show this agency:

"Q. Who did you find in possession of this property about the 12th of January, 1895? A. Why, they said it was Murray and Monroe had rented it from Richardson.

"Q. Do you know how they came in there? A. By Mr. Richardson.

"Q. Which Richardson? A. Why, the receipt for the money is F. A. Richardson, by Steve Richardson, agent."

The sufficiency of the written notice is not questioned; neither is the service thereof on defendants Murray, Monroe and S. E. Richardson, hence the only question relating to the service of this notice is, was the service of same upon either Murray or Monroe upon the premises, the possession of which is in dispute, and upon S. E. Richardson, as the duly and legally appointed agent for his wife, F. A. Richardson, in and concerning all matters

relating to these premises, a sufficient service of same upon her? We think, especially under the circumstances of this case, that it was. All of the defendants were named in the notice and in each copy so served. As a general rule, notice of a matter relating to the business entrusted to him, to a duly and legally appointed agent, is also notice to his principal. (*Jefferson v. Leithauser*, [Minn.] 62, N. W. 277; *Bank v. McAnulty*, [Tex. Civ. App.] 31 S. W. 1091; *Union Cent. Life Ins. Co. v. Smith*, [Mich.] 63 N. W. 438; *Davis v. Kneale*, 97 Mich. 72, 56 N. W. 220; *McMacon v. Niles*, [Io.] 60 N. W. 199; *Huff v. Farwell*, 67 Io. 298, 25 N. W. 252; *In re. Millward-Cliff Cracker Co.*, 161 Pa. St. 28 A. 1072; *Githens v. Murray*, [Ga.] 18 S. E. 975; *Stephens v. Humphryes*, 141 N. Y. 586, 36 N. E. 739; *Peters v. Stewart*, 21 N. Y. S. 993; *Knott v. Tidyman*, 86 Wis. 164, 56 N. W. 632; *Dickerson v. Matherson*, 57 Fed. 524, 6 C. C. A. 466; *Illinois Cent. Ry. Co. v. Bryant*, [Miss.] 12 So. 592; *Hickman v. Green*, [Mo.] 22 S. W. 455; *Bates v. American Mortg. Co.* [S. C.] 16 S. E. 883; *Ryan v. Potwin*, 62 Ill. App. 134; *Hardten v. State*, [Kan.] 5 Pac. 212; *Ayers v. Probasco*, 14 Kan. 175.)

But we have some doubt as to whether this rule can be applied to a notice of this character. However, it is provided in section 170 of the justice code, that "said notice may also be served by leaving a copy thereof with some person, over twelve years of age, on the premises described in the notice." And, as the evidence shows conclusively that one of the copies of the said notice, including the names of all the defendants, was served either on defendant Monroe or Murray on the premises, we hold that this was a sufficient service of same upon defendant F. A. Richardson.

IV. Counsel for plaintiff in error also complain of the action of the court below in refusing to grant them a continuance asked for during the progress of the trial. This application, of course, called for the exercise of the sound discretion of the trial court, and upon the showing made therefor, as disclosed by the record, we do not think said court abused its discretion in denying same.

V. In this case the petition in error and case made were filed in this court on February 22, 1896, and on June 1, 1897, some additional papers appear to have been filed herein on behalf of plaintiffs in error, which are designated as exhibits to the case made, and which purport to be copies of certain proceedings had, since the commencement of this action, in the land and interior departments, in a proceeding formerly commenced before townsite board No. 8, wherein Florence A. Richardson, Samuel Fellner, Theodore J. Case and Elisha Penny appear to have been applicants for lot No. I, block 28, in the city of Perry, said county and Territory. The rule is too well established to need repetition here, that this court cannot take cognizance of matters of the character shown by these purported exhibits, unless they are included within, or in some proper way made a part of, the original record (either the transcript or case made) filed in this court and, no error being shown by said record, the judgment of the court below is affirmed at the cost of plaintiffs in error.

DALE, C. J.: I concur in the conclusions reached in this case; and believe that the complaint states a cause of action, and further that it materially differs from that before the court in *Rice v. West, supra.*

Bierer, J., having presided in the court below not sitting; the other justices concurring.