WILLIAM LOWRY, MRS. WILLIAM LOWRY AND JULIUS LOWRY v. LIZZIE MITCHELL.

(Filed September 1, 1904.)

1. INJUNCTION—Effect of in Subsequent Action for Forcible Entry and Detainer for Same Purposes. An action of injunction brought for the purpose of restraining the defendants from performing or suffering performance of any act interfering with the full and complete use, possession and enjoyment of a certain described tract of land by the plaintiff, in which action a hearing has been had before the court, upon which hearing an order has been made allowing the defendants possession, pending the further order of the court, of certain portions of such real estate, and the right to harvest growing crops thereon, and joint possession with the plaintiff of other portions of said real estate, may be pleaded by the defendants in an action of forcible entry and detainer as a bar to plaintiff's right of recovery.

2. SAME—Defense—Evidence. It is error in the trial court to sustain an objection to evidence offered tending to show such defense.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Cline & Duval, Geo. S. Green and Geo. M. Green,* for plaintiffs in error.

*C. W. Ransom,* for defendant in error.

### STATEMENT OF FACTS.

On the 26th day of May, 1902, the defendant in error commenced an action of injunction in the district court of Kay county, setting forth that by consideration of the land department of the United States she had been awarded title to the northeast quarter of section 27, township 28 north, range 1 east of the Indian Meridian, and that by reason thereof she was entitled to the use, occupation and enjoyment of said tract, and had reduced the same to possession by exterior fencing, and by interior fencing enclosing pasture, and that the defendants had come upon said land from time to time since May 16, 1892, and occupied plaintiff's house thereon, and had forcibly entered plaintiff's enclosure, had ousted plaintiff's tenant therefrom, and were preparing to seize plaintiff's cultivated fields and crops growing thereon, and that the acts of the defendants were in furtherance of a design to oust plaintiff from said tract, seize the crop, and force plaintiff to bring an action at law to recover possession, and setting forth that their claim of right so to do was through one George W. Smothers, who was formerly in possession of said tract, but who had been removed therefrom by an action at law, and she prayed for, first, a temporary restraining order restraining them from in any way performing any further act upon said land, or in any

wise interfering with plaintiff's operations thereon until the application for temporary injunction could be heard, and that upon hearing a temporary injunction be granted, commanding them to refrain from in any way interfering with plaintiff's full and complete use, possession and enjoyment of said land, and that upon trial such injunction be made perpetual. Upon filing this petition, application was made to the probate judge, in the absence of the district judge, for a temporary restraining order, and on the 27th day of May, 1902, the probate court granted the said motion, and made its order restraining defendants from doing or committing any act upon said land which tended to interfere with plaintiff's full use and enjoyment of the premises.

On the 2nd day of June, 1902, application was made to the district judge for a temporary injunction, both parties appearing, upon which hearing the temporary restraining order of the probate court was vacated and set aside, and a temporary injunction granted in consideration of the evidence then offered, which order of the district court was as follows:

"That the defendant, William Lowry, have the possession of the house situated on the N. E. 1-4 of section 27, in township 28 north, range 1 east of the I. M. in Kay county, Oklahoma Territory, and also have possession of the land now in wheat and oats upon said premises.

"That each party have the land and crops put in and planted by each respectively, and each shall not interfere with the other in the quiet enjoyment thereof.

"It is further ordered, that the plaintiffs and the defendant, William Lowry, have the joint occupancy of the pasture situated upon the above described premises until the further order of the court or judge. This order to go into effect

upon the plaintiff giving bond in the sum of three hundred dollars, to be approved by the clerk of the district court of Kay county, O. T., in accordance with the statute in such case made and provided.

"It is further ordered, that the said William Lowry be permitted to harvest the growing crops consisting of wheat and oats upon said premises, and hold the landlord's share of said crop, being one-third interest in said crop, subject to the further order of the court or judge. All of which order is to be enforced until the further order of this court or judge thereof."

Upon application to the court William Mitchell was afterwards permitted to intervene as a party defendant in said cause, and he filed his answer asking to be decreed to be the owner of the land in controversy, and William Lowry also answered denying, first, all the allegations of the petition, and alleging that he had been in the uninterrupted possession of the land for more than three years, and since the death of Luke Mitchell, the original entryman upon said land; that he first leased it from George Smothers, administrator of Luke Mitchell, and afterwards from William Mitchell, the son and heir at law of Luke Mitchell. Which answer admitted that Lizzie Mitchell since the death of Luke Mitchell had procured a final entry of said tract of land in her name as the wife of Luke Mitchell and admitted that she was married to Luke Mitchell prior to his death, but averring such marriage relation to have been fraudulent and void because of the fact that at the time of such marriage she had another husband living.

This injunction case on the docket of Kay county was No. 2062, and while this action was pending in said court for final disposition the defendant in error, Lizzie Mitchell,

commenced in the probate court of said Kay county an action of forcible entry and detainer against the plaintiffs in error by serving upon them a notice to quit, and alleging title and right of possession in herself, and that the defendants forcibly and unlawfully received and have ever since forcibly and unlawfully held possession. In answer to which William Lowry and wife and the other defendants alleged by way of plea in abatement the pendency of case No. 2062 in the district court, which was denied by Lizzie Mitchell, and a hearing had in said probate court, resulting in a judgment which sustained the plea in abatement, and an order dismissing the action.

Said cause was thereupon appealed to the district court, and on the second day of March, 1893, a hearing was had upon said plea in abatement in the district court, resulting in a judgment reversing the judgment of the probate court, and ordering that the plea in abatement be dismissed. A motion was then made to require the plaintiff, defendant in error, to elect upon which cause, 2062 or 2139, she would proceed, which motion was overruled, and cause 2139 proceeded to trial, the plaintiffs in error objecting at each step to a hearing in said cause, and asking that the same be dismissed because of the same having been brought during the pendency on the docket of said court of cause 2062, which involved the same rights, the trial of the cause resulting in a judgment ousting the defendant in error from possession.

Opinion of the court by

GILLETTE, J.: Only one question is presented by the briefs of counsel for determination of this court, and that is,

will the action of forcible entry and detainer lie to recover possession of a tract of land in a case where the plaintiff in such procedure had an action of injunction then pending against the same defendant, the object and prayer of which is to perpetually enjoin the defendants from interference with plaintiff's complete use and enjoyment of the same.

In the trial of this case in the court below that court manifestly followed the determination of this court in *Richardson v. Penny,* 6 Okla. 328, where the court says:

"Here the defendant sought to plead the pendency of the equitable action of injunction as a defense to an action of forcible entry and detainer between the same parties. While this court has probably gone as far as any to authorize the action of injunction for the various kinds of grievances relating to realty, we are not prepared to say that it has, even in this jurisdiction, displaced the actions of both ejectment and forcible entry and detainer, and we still hold to the well, if not universally established doctrine that when a party has a plain and adequate remedy at law, he cannot invoke the powers of a court of equity to issue its writ of injunction. This was the position taken by the trial court in the case at bar, which was eminently correct."

We are not able, however, to accept this as conclusive of the rights of the parties in this case.

In *Richardson v. Penny, supra,* it is shown by the answer of defendant that the plaintiff, prior to the bringing of the forcible entry and detainer action, had filed in the district court a petition for injunction, seeking to obtain possession of the property, and to prevent further occupancy thereof by the defendant, upon which an order of injunction had been granted. The trial court upon the trial of the forcible entry and detainer action in sustaining an objec-

tion to the introduction of any testimony sustaining the paragraph in defendant's answer pleading the pendency of the injunction, said:

"The court dissolved that injunction on the ground that they had an adequate remedy at law, and that was forcible entry and detainer, and this is the remedy they are pursuing."

This is quite a different condition of affairs from that presented in the case under consideration. In this case it was sought to be shown that upon the application of the plaintiff a temporary injunction had not only been granted, but in the hearing therefor a finding and order had been made that the defendant was entitled to the possession of the house on the premises, and to certain unmatured crops, which he was permitted by the order to harvest, and was authorized to occupy jointly with the plaintiff certain pasture land, which was a portion of the tract involved, and subject to the further order of the court. Under this determination of the court then, in the action of injunction, the defendant had been awarded certain rights and privileges which he was in the enjoyment of when the action of forcible entry and detainer was commenced, and we think it would be placing an erroneous construction upon our code of procedure to permit the plaintiff after proceeding thus far, to go back into the jurisdiction of a justice of the peace to have the right of the defendant to such possession further determined in that tribunal.

In *Richardson v. Penny* it is not shown that an order had been entered awarding the defendant possessory rights, and herein lies a broad distinction between that case and this.

It is here shown by the answer that upon the application of plaintiff through her petition filed in the district court, on the equity side thereof, the court acquired jurisdiction of the subject-matter and all of the parties, and upon a hearing without objection from either party the court entered a judgment and order which brought under the control of the court the real estate which was the subject-matter of this litigation, and had such control of the same when this action of forcible entry and detainer was commenced.

The commencement of an action of forcible entry and detainer therefore, was an action the direct purpose of which was intended to oust the court of the control it already had over the subject-matter of the litigation and nullify its judgment and order. This we think could not be done.

The authorities are numerous to the effect that where equity obtains jursidiction for equitable purposes, it will retain it to give full relief, whether legal or equitable, as to all purposes relating to the subject-matter, even though it be required to give relief in matters which would not have been proper subjects of equitable interposition if they alone were the original subject of relief.—*Cathcart v. Robinson*, 30 U. S. 263; and *Martin v. Martin*, 44 Kan. 295, 24 Pac. 418, where the court says:

"The court below, having acquired jurisdiction of the parties and the subject-matter of the suit, had the inherent power to make all necessary orders, decrees and judgments, so as to settle the matter in controversy, and thus prevent litigation. Where a court of equity obtains jurisdiction of a suit for the purpose of granting some distinctly equitable relief, and the special relief prayed for is not practicable, the court may retain the cause, decide all the issues involved, and may decree the payment of mere compensatory damages."

Also *Seibert v. Thompson* 8 Kan. 66: "Where a court of equity has all the parties before it, it will adjudicate upon all the rights of the parties connected with the subject-matter of the action, so as to avoid multiplicity of suits."

"A more substantial exception than the foregoing to the doctrine that equity will not take jurisdiction where the legal remedy is adequate, is found in the rule that if jurisdiction has once been assumed, equity will often retain it throughout the litigation, though the relief originally sought is denied, and that finally granted is not equitable in its nature. This rule has been applied in applications for injunction, suits for specific performance, and in foreclosure proceedings." (Amer. & Eng. Ency. of Law, 201.)

We conclude therefore that where, as in this case, a court has acquired equitable jurisdiction of the subject-matter of the action and of the parties, and has proceeded in such equitable action to the extent of defining the rights of the parties and according rights to each pending a final determination of the subject-matter, such jurisdiction is superior to a jurisdiction at law originally and subsequently acquired in a lower court with reference to and controlling the same subject-matter.

The case of *Richardson v. Penny, supra,* in so far as it conflicts with the decision herein, is hereby overruled.

It was error therefore for the district court of Kay county to have entertained in this case the procedure in forcible entry and detainer, when the action by injunction was pending and undisposed of.

The judgment of the district court will be reversed, and the cause remanded with instructions to proceed therein in accordance with this opinion.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.