## WHITE v. PERRINE INVESTMENT CO.

No. 33756.   May 2, 1950.

*217 P. 2d 1025.*

Claud Briggs, of Oklahoma City, for plaintiff in error.

Caldwell, Warren & Caldwell, of Oklahoma City, for defendant in error.

GIBSON, J. Defendant in error, the Perrine Investment Company, as plaintiff, in an action of unlawful detainer, recovered a judgment against Dr. Phil E. White, plaintiff in error, the defendant therein, and he appeals therefrom. The parties will be referred to as they appeared in the trial court.

The defendant, as tenant of the plaintiff, occupied a suite of rooms in the Perrine Building, Oklahoma City, as a place of business. The tenancy was terminated by service of the statutory notice to quit.

The notice prior to action for possession, required by 39 O. S. 1941 §395, was served by leaving a copy thereof with an employee of defendant, over the age of twelve years, then on the premises involved. The action was filed in justice of the peace court wherein judgment was awarded plaintiff, from which defendant appealed to the district court. The cause was transferred to common pleas court where the judgment complained of was rendered.

The assignments of error are all grounded upon alleged insufficiency of the said notice prior to action. Two grounds are urged.

The first is that the service of the notice by leaving copy of it with a person upon the premises is not authorized except when service either in person or by leaving at place of abode is not possible, which facts are not reflected in the record. The other ground is that the statute contemplates that the person on the premises, with whom a copy of the notice may be left, shall be one having some authority and that the servant of the defendant with whom the notice was left is not such a person. The statute is as follows:

"It shall be the duty of the party desiring to commence an action under this article, to notify the adverse party to leave the premises, for the possession of which the action is about to be brought, which notice shall be served at least three days before commencing the action by leaving a written copy with the defendant, or at his usual place of abode, if he cannot be found; such notice may also be served by leaving a copy thereof with some person over twelve years of age, on the premises described in the notice."

Under the statutes, either of two methods constitutes a sufficient service of the notice. One, is to serve the defendant in person, and, if he cannot be found, the equivalent thereof may be had by leaving a copy at his place of abode. The other is by leaving a copy of the notice with some person over twelve years of age upon the premises described in the notice. This construction of the statute is recognized and applied in Richardson v. Penny, 6 Okla. 328, 50 P. 231, where, in the syllabus, it is held:

"The service of the written notice to quit, required by the forcible entry and detainer act, upon some one over twelve years of age on the premises in controversy is sufficient."

In support of the second ground it is urged that unless there be some limitation, such as that contended for, the notice could be purposely left with a transient person or an agent of the plaintiff. Such questions do not deal with the language of the statute, but rather with conduct which may violate the spirit of the statute notwithstanding a technical compliance with the letter thereof, and will merit consideration of the court when the occasion therefor arises. The only express requirements of the statute are that the person be over the age of twelve years and on the premises described in the notice. The servant of the defendant

with whom copy of notice was left, is a qualified person under the statute.

The judgment is affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.

