CHARLES JOHNSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The act creating a criminal court for Sumter county provided "that all offenses shall be tried before said court upon written accusation, founded upon affidavit; said affidavit shall distinctly set forth the nature of the offense, the time when committed, and by whom committed; and the accusation shall follow the affidavit, and shall be signed by the accuser." It also declared that such court shall not have jurisdiction of cases of simple larceny amounting to a felony. *Held,* that the affidavit should show affirmatively that the larceny charged did not amount to a felony.
2. Where the affidavit did not show this, the record was inadmissible on the subsequent trial of one of the witnesses for perjury, alleged to have been committed in testifying in that case.

Criminal Law.   Jurisdiction.   Indictment.   Evidence. Before Judge CLARK.   Sumter Superior Court.   April Adjourned Term, 1876.

Reported in the decision.

ALLEN FORT; PETER LAMAR, for plaintiff in error.

C. F. CRISP, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "perjury," and on his trial therefor, was found guilty.   A motion was made for a new trial on the various grounds therein set forth, which was overruled by the court, and the defendant excepted.

The main ground of error insisted on here, was the admission of the record of the trial of the case in the militia district court, in which the perjury was alleged to have been committed, over the objection of the defendant.   The objection to the introduction of that record was, that it did not affirmatively show upon its face that the court which tried the case of larceny, on which trial the defendant was charged with having committed the offense of perjury, had

jurisdiction thereof under the provisions of the third section of the act of 1873, to organize a criminal court for the county of Sumter. The third section of that act declares "that all offenses shall be tried before said court upon written accusation, founded upon affidavit; said affidavit shall distinctly set forth the nature of the offense, the time when committed, and by whom committed; and the accusation shall follow the affidavit, and shall be signed by the accuser." The affidavit of Levi Johnson, the accuser, states that Frank Johnson did, on the 8th of April, 1876, in the county of Sumter, commit the offense of simple larceny, and deponent makes this affidavit that an accusation may be made against the said Frank Johnson in the district court of said county. The accusation sets out the offense, and charges the defendant, on the 8th of April, 1876, in the county of Sumter, with unlawfully taking and carrying away from the possession of deponent, one muscovy duck, of the value of one dollar, with intent to steal the same, contrary to the laws of said state, etc. The question is, whether the nature of the offense should be distinctly set forth in the affidavit in order to give the court jurisdiction, or whether it is sufficient to charge the defendant with the offense of simple larceny in the affidavit, and then set forth the nature of the offense in the accusation, as was done in this case.

By the first section of the act of 1873, the court had no jurisdiction to try offenses of simple larceny, when the punishment for that offense was imprisonment in the penitentiary. There are different grades of the offense of simple larceny recognized by the penal laws of this state, some of which are felonies and punishable by imprisonment in the penitentiary, and some of which are not felonies and not punished by imprisonment in the penitentiary. The militia district court in Sumter was a court of special and limited jurisdiction, limited to the trial of such offenses of simple larceny only, as are not punishable by imprisonment in the penitentiary. What is the foundation for the jurisdiction of that court as declared by the statute? An affidavit dis-

tinctly setting forth the nature of the offense, the time when committed, and by whom committed, and the accusation shall follow the affidavit. The accusation is to be founded on the affidavit, and shall follow it, in the imperative words of the statute. Why should the affidavit set forth the nature of the offense? Because that is indispensably necessary to show that the simple larceny charged is of that grade of which the court has jurisdiction to try. Before that court can proceed to try a case of simple larceny, it must first have judicial evidence that it is of that grade which is within its jurisdiction to try; and how can the court have that judicial evidence except by the affidavit as required by the statute? The accusation is nothing but mere pleading, founded on the affidavit, and must follow it. Besides, the affidavit may be made by one person, and the accusation be made by another, but the accusation is founded on the affidavit, and must follow it, whoever may be the accuser. The affidavit required by the statute, is the foundation of the accusation, and unless the affidavit shall distinctly set forth the nature of the offense, so as to show that it is one of which the court has jurisdiction, the accusation which is founded upon the affidavit, and must follow it, cannot do so. Where there is no affidavit as a foundation to support the accusation, the accusation itself is worthless. The affidavit in the record offered in evidence merely states that Frank Johnson did commit the offense of simple larceny, but does not state the nature or grade of that larceny, so as to show affirmatively that the court had jurisdiction to try it, and for that reason the record of the trial in the militia district court of the county of Sumter should have been rejected, and the court erred in admitting it in evidence.

Let the judgment of the court below be reversed.

JACKSON, Judge, concurred *dubitante.*