SATILLA MANUFACTURING CO. *et al.* v. CASON.

1. An affidavit and warrant averring that a person named therein "did commit the offense of trespass by digging up and grading a certain street or alley through the lands" of another, without his consent, neither charges a criminal offense against the laws of this State, nor any act amounting to a constituent element in the commission of a crime or misdemeanor.

2. In order to be the basis of an action for a malicious prosecution, the proceeding complained of must at least bear some

resemblance to a process authorized by law, under which the person or property of the defendant therein might be lawfully arrested or seized. Accordingly, where an affidavit was made and a warrant for the arrest of another was issued thereon, and it affirmatively appeared on the face of both the affidavit and the warrant, not only that no offense whatever against the criminal laws of this State was charged, but also that no substantive element of any criminal offense was stated, such warrant was absolutely void, and an arrest upon it, while constituting false imprisonment, would not authorize the bringing of an action for a malicious prosecution.

3. The suit, being for a malicious prosecution only, set forth no cause of action, and therefore ought to have been dismissed upon general demurrer to the same.

November 15, 1895.

Action for malicious prosecution. Before Judge Hardeman. Ware superior court. April term, 1895.

The petition of Cason, filed in March, 1893, alleged: He has been damaged by the Satilla Manufacturing Company and Miles Albertson $5,000. On November 1, 1892, he was marshal of Waycross, and, acting under instructions of the chairman of the street committee of that city, ordered the overseer of the chaingang to take the convicts and have them work in the streets and lanes of said city at a place designated. The overseer went to that place and began to work the old road near the property of the Satilla Manufacturing Company, which had been used by the public for many years as a public road. The only work that was done was to level up the road or street and put the same in good condition for travel. After said work had been entered upon by the chaingang, by the authority of the City of Waycross, and the street or road repaired as stated, defendants had a warrant issued by a magistrate named, for the arrest of petitioner and the chairman of the street committee and the overseer of the chaingang, based upon an affidavit made by Albertson, superintendent of the other defendant, charging petitioner and the other two named with trespass "by digging up and grading a street or alley

through the lands of the Satilla Manufacturing Company without their consent." The affidavit and warrant were placed in the hands of a constable named, who arrested petitioner and held him under arrest until he gave bond for his appearance to answer any indictment in the superior court of Ware county for said offense, which court convened on the first Monday in November, 1892, at which time petitioner was present and remained until the adjournment of the court, and no true bill was preferred against him. After he had been arrested and given bond, the prosecutors appeared before the magistrate and withdrew said proceedings, which was without his consent, and failed to further prosecute the case before the court. Copy of the affidavit, warrant, entry of arrest and order of withdrawal are attached. His connection with the working of said street, road or lane was in the capacity as an officer of the city. He only instructed said overseer to have the streets and lanes near the property of said manufacturing company worked for the benefit of the people of the city, in the utmost good faith as directed by the chairman of said street committee, in the belief that the place so worked was the property of the City of Waycross. Said criminal prosecution was maliciously carried on, and was without any probable cause.

Defendants demurred generally. The demurrer was overruled, and they excepted.

*Hitch & Myers,* for plaintiffs in error.
*John C. McDonald* and *Leon A. Wilson,* contra.

ATKINSON, Justice.

The facts are stated in the official report.

1. To enter upon the unenclosed lands of another without his consent and dig and grade a public street or alley is not a criminal offense under the law of this State, so far as we are advised or can ascertain, and is therefore not an indictable trespass. It gives to the person injured a right of ac-

tion civilly, but upon proof of such facts no conviction
could be had as for a crime or misdemeanor; and hence an
affidavit upon which a warrant issued for the apprehen-
sion of a given person, which did not allege more than that
such person committed a trespass "by digging up and grad-
ing a certain street or alley through the lands" of the per-
son making the same, neither charged the person who was
alleged to have committed the act with the violation of a
public law involving the commission of an indictable of-
fense, nor with the commission of any act amounting to a
constituent element of such an offense. A warrant based
upon such an affidavit, commanding the apprehension of the
person so accused, was void altogether, was a mere "*brutum
fulmen*," and the two combined did not together amount to
the institution of a criminal prosecution against the person
against whom it was directed.

2. It is a prime requisite to the institution of an action
for malicious prosecution, that a prosecution should have
been instituted and ended; that the person alleging injury
should have been prosecuted upon some criminal charge.
Code, §2982, which gives the right of action upon which
the plaintiff bases his right to recover in the present case,
limits the right to sue to criminal prosecutions maliciously
instituted; and hence it follows that if no criminal prosecu-
tion was in fact instituted, then no action would lie. If the
proceeding instituted was void *in toto* as wanting in any of
the constituent elements of a proceeding authorized by law,
then it was no prosecution. In Frierson *v.* Hewitt, 2 Hill
(S. C.), 499, the distinction between malicious prosecutions
proper, and those which bear only a resemblance to such
proceedings, is very clearly stated as follows: "The indict-
ment must charge a crime; and then the action is main-
tainable *per se* on showing a want of probable cause. . .
There is another class of cases which are popularly called
actions for malicious prosecution, but they are misnamed;
they are actions on the case in which both a *scienter* and a

*per quod* must be laid and proved. I allude now, first, to
actions for false and malicious prosecutions for a mere mis-
demeanor, involving no moral turpitude; secondly, to an
abuse of judicial process, by procuring a man to be indicted
as for a crime, when it is a mere trespass; third, malicious
search warrants." Under the provisions of our code, the
institution of a prosecution for a misdemeanor, or the suing
of a search warrant, if done maliciously, may amount to a
criminal prosecution, and may afford a sufficient basis for
the institution of suit as for a malicious prosecution, because
our code in terms provides that a total want of probable
cause is a circumstance from which malice may be implied,
and in each of these instances a warrant for the apprehen-
sion of the person accused may lawfully issue, but not so
with a mere non-indictable trespass. In such a case a war-
rant could no more lawfully issue than if one were accused
of the non-payment of a promissory note when it became
due. In either case, if an affidavit were made and a warrant
issued, it would be wholly without authority or color of law,
and therefore could in no view amount to a prosecution.
"It is a prosecution to swear an information in consequence
of which a warrant is issued for the plaintiff's arrest, if the
information contains a statement that the informer believes
the plaintiff to have committed an offense, but not other-
wise." Stephens on Malicious Prosecution, p. 7.

The proceeding in the present case, having been insti-
tuted wholly without warrant or authority of law, cannot be
the basis of an action as for a criminal prosecution mali-
ciously instituted and carried on. If the action had been
for false imprisonment in consequence of the illegal action
of the defendants in the present case and the declaration
framed to that end, it might have been upheld; but in the
present case the court erred in not sustaining a general de-
murrer to the declaration, and its judgment is accordingly
                                                *Reversed.*