### COLLUM *v.* TURNER.

SIMMONS, C. J. A warrant for the arrest of a person, issued upon an affidavit which charged such person with being "guilty of lying and misrepresentation," is void as a criminal prosecution, and for that reason can not serve as the basis for the recovery of damages for a malicious prosecution, in a suit afterwards instituted for that purpose against the person causing such warrant to issue by the person against whom it was issued; and upon the trial of such a case it was error for the court to instruct the jury that a prosecution thus instituted and carried on could be the basis of a recovery. *Satilla Manufacturing Co.* v. *Cason*, 98 *Ga.* 14.

*Judgment reversed. All the Justices concurring.*

Argued June 24, — Decided July 20, 1897.

Action for damages. Before Judge Milner. Whitfield superior court. December 16, 1896.

Collum made affidavit and caused a warrant to be issued thereon by a justice of the peace of Murray county, charging Turner with being "guilty of lying and misrepresentation." Turner was arrested thereunder and carried before a justice of the peace of Whitfield county, who discharged him. Upon the rendition of this judgment, Collum stated that if that warrant did not stick he would get one that would, and asked the justice to give him another one. At this point one Brown suggested that the whole thing be allowed to go by until next morning, which was agreed to, Turner agreeing to meet the constable and being allowed to go at liberty. The next morning the matter was dropped at Collum's request, he paying the cost of the warrant. Turner then brought an action against Collum, described in the declaration as "an action for malicious prosecution," alleging that Collum (1) did falsely and maliciously swear out and procure to be issued the warrant in question, and (2) "did cause your petitioner to be arrested and held in custody two days by virtue thereof," and (3) caused him to be brought before the trial justice as before stated, which justice dismissed the warrant; that said arrest and holding in custody were malicious, illegal and wrongful; and "that said prosecution was commenced and carried on by said Collum, defendant, against plaintiff, unlawfully and without probable cause." On the trial the jury found for the plaintiff $195, and defendant's motion for a new trial was overruled. The motion alleges, in addition to the general grounds, that the court erred:

1. In permitting four named witnesses to testify, over objection, as to what defendant had said about plaintiff since the suit was brought. The purpose of this evidence was to show malice on part of defendant against plaintiff; and defendant objected to it on the ground that it occurred after the suit was commenced, and was therefore irrelevant.

2. In charging the jury: (a) "There is a count in the plaintiff's declaration alleging false imprisonment. The warrant introduced in evidence having been issued by a justice of the peace who resided in Murray county, I charge you it was illegal, and that the arrest and holding under said warrant was false imprisonment; and on this branch of the case I direct

you to so find." (*b*) "If you believe from the evidence that the warrant in evidence was sworn out by the defendant maliciously and without probable cause, you should find damages in favor of the plaintiff, under the count in the declaration for malicious prosecution."

*Shumate & Maddox*, for plaintiff in error.

*Jones & Martin*, contra.