## WILLIAMS *v.* THE STATE.

1. An affidavit which charges the accused simply with the offense of committing a misdemeanor, at a certain time and in a certain county, is sufficient to support an accusation in the county court of such county, charging the accused specifically with selling liquors, and also with contracting to sell, taking orders for, and soliciting the sale of such liquors.

2. Under section 428 of the Penal Code, one accusation may be framed against the accused, containing two counts, one charging the sale and the other soliciting orders to sell liquors in a certain county where the sale of such

liquors is prohibited by law ; and a general verdict of guilty is not illegal because of a failure by the jury to specify upon which count it is founded.

3. The evidence in this case failing to show that the accused either sold or solicited orders for the sale of liquors, a judgment of guilty rendered by the judge of the county court was contrary to law and the evidence, and the judge of the superior court erred in not sustaining the certiorari thereto.

Submitted April 3, — Decided April 19, 1899.

Certiorari.    Before Judge Reese.    Wilkes superior court. March 1, 1899.

*Colley & Sims,* for plaintiff in error.

*R. H. Lewis, solicitor-general,* and *F. W. Gilbert,* contra.

LEWIS, J.    1.    Edmund Williams was tried in the county court of Wilkes county, upon an accusation containing two counts, the first charging him with selling spirituous, malt, and intoxicating liquors in Wilkes county on the 31st of December, 1898, and the second charging him with contracting to sell, taking orders for, and soliciting the sale of such liquors at the time and place mentioned.    This accusation was based upon an affidavit of the prosecutor, which simply charged the defendant with committing the offense of a misdemeanor.    The accusation was demurred to, on the ground of insufficiency in the affidavit, in that it did not specify the particular misdemeanor of which the accused was guilty; and the overruling of this demurrer is assigned as error in the petition for certiorari which was brought to the superior court after the conviction of the defendant.    Under the ruling of this court in the case of *Dickson* v. *State,* 62 *Ga.* 583, we think the affidavit sufficient as a basis of the accusation.    It was there decided that the accusation must be specific and particular, but the affidavit need not be more so than is necessary to uphold the warrant.

2.    It is further contended by counsel for plaintiff in error that the accusation was fatally defective, in that it charged against the defendant two distinct offenses.    It is conceded that this prosecution is under § 428 of the Penal Code, as amended by the act of December 9, 1897.    (See Acts 1897, p. 39.)    The purpose of the act is to prevent whisky-dealers from selling or contracting to sell, taking orders for, or soliciting, personally or by agent, the sale of intoxicating liquors in a "dry" county, ·

town, or district. The law of pleading is much more rigid in this particular in regard to felonies than it is in regard to misdemeanors; but even in felony cases there may be two or more counts joined in the same indictment, charging the defendant with the same species of felony. See *Davis* v. *State*, 57 *Ga.* 67. Selling liquor in a "dry" county, and soliciting or taking orders for such sale, certainly involve the same species of misdemeanor, made a crime by a single act of the legislature. There can be no merit, therefore, in the contention that this accusation is fatally defective in that it contains a charge of two distinct and separate offenses. In the case of *Lynes* v. *State*, 46 *Ga.* 208, it is decided that, "In cases of misdemeanors, the joinder of several offenses in the indictment will not, in general, vitiate the proceedings at any stage of the prosecution." See also 1 Bish. Cr. Pr. § 452; Clark's Cr. Pr. 107. Nor is there anything in the position of counsel for plaintiff in error, that a general verdict on such an accusation is illegal, or that the prosecuting attorney, when called upon, should elect on which charge he will proceed. In the case of *Dohme* v. *State*, 68 *Ga.* 339, it appeared that an indictment contained two counts, one charging the keeping of a gaming-house, and the other the renting of rooms for the purpose of gaming. It was held that a general verdict of guilty was sufficient, without specifying upon which count it rested. In the case of *Lynes* v. *State*, supra, Chief Justice Warner, in delivering the opinion, says that, "in offenses inferior to felony, the practice of quashing the indictment, or calling upon the prosecutor to elect on which charge he will proceed, does not exist."

3. The complaint is further made in the petition for certiorari, that the judgment of the county court finding the defendant guilty is contrary to evidence. Upon a careful review of the testimony in the record, we think the State failed to make out a case of guilt under either count of the indictment. There is absolutely no proof in the record that the accused was ever engaged in soliciting or taking orders for, or contracting to sell liquors, either for himself or as agent for another. On the contrary, every witness introduced by the State for whom the accused had procured liquors testified that it was without any

solicitation whatever on his part, but that they procured him to buy liquors for them at their solicitation and their request, and clearly made out a case that, so far as taking orders was concerned, the accused was really acting as the agent of the purchasers themselves. On the other hand, there is no proof showing a sale by him of liquors to any one. In every instance where there was any proof of delivery of intoxicating liquors by the accused to other parties in Wilkes county, it was shown by the State's own witnesses that the goods were purchased of a liquor-dealer in another county, having a license to sell, who had never procured the accused to solicit orders, and who had never constituted him his agent, either for this purpose or for the purpose of selling the liquors. It is true that upon one occasion, the day named in the accusation, December 31, 1898, the testimony does not show from whom he purchased the liquors in Barnett, but the liquors were never delivered by the accused to the purchasers thereof. On the contrary, the defendant himself when arrested had possession of these liquors, and they were delivered by another at the request of the officer. Even if the testimony was sufficient to raise the presumption that the accused was dealing with these particular liquors on his own account and for himself, he certainly, while the liquors were in his custody and control, could have repented of his purpose and refused to deliver the same, and in that event the crime of selling would not have been completed. Besides this, the statement of the defendant when arrested, introduced in evidence by the State, was to the effect that he had bought these liquors for certain parties whose names appeared on the packages, and there is nothing in the record to indicate that there was not a lawful vendor of liquors in Barnett as well as in Sharon, where he procured the goods that were delivered by him. We think, therefore, that the decisions relied upon by the State's counsel, in *Paschal* v. *State*, 84 *Ga.* 326, *Grant* v. *State*, 87 *Ga.* 265, and *White* v. *State*, 93 *Ga.* 47, are not in point. The effect of those decisions is to declare as the law of presumptive evidence that one who receives money and delivers whisky therefor may be treated as the seller, no other person filling that character in the transaction being pointed

out by the evidence; but in this case, wherever it was shown the accused received money and delivered whisky therefor, evidence for the State itself showed a person other than the defendant filled the character of vendor. In the case of *White v. State*, 93 *Ga.* 47, it is decided that "If the accused, acting bona fide as the agent of another, bought liquor for the latter with the latter's money and delivered it to the person for whom it was bought, these facts did not constitute a sale of liquor by the accused, whether the person from whom he bought was legally authorized to sell or not." It is true there may be suspicious circumstances connected with this particular transaction, growing out of the number of orders and requests which the accused would periodically receive for the purchase of liquors, but the State itself introduced testimony explaining the transaction in such a way as to fail to make out a case against this accused, and she commends the credibility of her own witnesses by their introduction upon the stand. We think, therefore, that the petition should have been sustained upon the ground that the verdict was contrary to the evidence.

*Judgment reversed. All the Justices concurring.*