### BROWN *v.* THE STATE.

1. An accused person can not set up former jeopardy upon an accusation which was quashed on a demurrer filed by himself, and this is true though the judge at the time the demurrer was submitted overruled it and allowed the case to proceed to the extent of introducing testimony, but afterwards recalled his original ruling and adjudged that the demurrer was good and the accusation insufficient in law.
2. It is not essential to the validity of an accusation that a warrant for the arrest of the accused should be issued upon the affidavit on which the accusation is founded, or that such affidavit should minutely describe the offense.
3. The evidence fully warranted the conviction, and there was no error in overruling the certiorari.

Submitted January 15,—Decided January 27, 1900.

Certiorari.     Before Judge Harris.     Troup superior court. November term, 1899.

*E. T. Moon,* for plaintiff in error.
*T. A. Atkinson, solicitor-general,* contra.

COBB, J.     Garfield Brown was placed on trial in the county court of Troup county, upon an accusation charging him with the offense of larceny from the house, and was convicted.     His petition for certiorari, complaining that certain errors were committed by the county judge during the progress of the trial, having been overruled, he excepted.

1. It appears that the accused was first put upon trial upon an affidavit and accusation to which he demurred; that the court at first overruled the demurrer and ordered the case to proceed to trial; that after the accused had pleaded not guilty and the State had introduced one witness, the court came to the conclusion that the demurrer should have been sustained, reversed his former ruling, and quashed the accusation.     It does not distinctly appear from the record that the accused objected to this at the time.     When he was again placed on trial upon

another accusation charging him with the same offense, he entered a plea of former jeopardy, averring that the first accusation should not have been quashed, and that when arraigned thereon he was put in jeopardy. The plea was overruled, and this is one of the errors assigned. Although the demurrer filed by the accused was at first overruled by the judge, the subsequent ruling sustaining the same was the one that the accused himself invoked, and it does not distinctly appear that he objected at the time to the judge sustaining the demurrer at that stage of the case and ordering the accusation to be quashed. It therefore does not lie in his mouth on a subsequent trial to say that the accusation was good, and that for that reason he was in jeopardy on the former trial. Whether the first accusation was good or bad is immaterial. The accused obtained a ruling that it was bad, accepted the benefit of that ruling, and he will not be allowed to bring in question the propriety of a ruling which he himself invoked. We are aware that a contrary view was taken by the majority of the court in the case of *Black* v. *State*, 36 *Ga.* 447, but the dissenting opinion of Walker, J., which is directly in line with the ruling we make, is, we think, the sounder view of the law. The decision in *Black's* case has never been followed. On the contrary the position of Judge Walker has been recognized by this court as the sounder and better one, though no reference was made in terms to his opinion. *Small* v. *State*, 63 *Ga.* 386. That this is in accord with the adjudicated cases there can be no doubt. See Com. v. Gould, 78 Mass. 171; Von Rueden v. State, (Wis.) 71 N. W. 1048; People v. Casborus, 13 Johns. 350; Gerard v. People, 3 Scam. 362; 1 Bish. New Cr. Law, §§ 998 (5), 1000, and cases cited.

2. Another assignment of error is, that the court erred in overruling the demurrer to the second affidavit and accusation. The points thus raised are, that the affidavit is insufficient to base an accusation on, and that no warrant was issued on the affidavit. This affidavit charged that the accused committed "the offense of privately stealing from the storehouse" of a named person certain described property of a given value, which was the property of the owner of the storehouse. It further

charged that the accused bought of a named person the property above referred to, knowing the same to have been stolen. Upon this affidavit and upon an affidavit for a search warrant, which appears to have been the foundation of the first accusation, and in which the property is described and the allegation made that the affiant has probable cause to believe that it is concealed in the house of the accused, the second accusation was based. This accusation contained two counts; the first charging the offense of larceny from the house, based upon the affidavit first above referred to; and the second charging the offense of receiving stolen goods, basing the same upon the affidavit made for the purpose of securing a search warrant. The requirements of an affidavit upon which a warrant may issue are set forth in section 883 of the Penal Code. It has been held, notwithstanding the apparently plain terms of this section, that an affidavit which is the foundation of a warrant charging a person with larceny was sufficient, notwithstanding it did not describe the property, or state its value, or name the owner, or disclose whether the larceny was a felony or only a misdemeanor. *Dickson* v. *State*, 62 *Ga.* 583. It seems to be the settled law of this State that an affidavit need do no more than name the offense, without describing the way in which it was committed, or its character, with any degree of particularity. See *Franklin* v. *State*, 85 *Ga.* 570; *McAlpin* v. *Purse*, 86 *Ga.* 271. The Penal Code provides that upon the hearing of a search warrant the court may require the person in whose possession the goods are found to give bond for his appearance to answer either a charge for larceny, or receiving stolen goods, as the facts may be. Penal Code, § 1247. As to the description of the property, name of the owner, and such other facts as are necessary to make the offense of larceny, the affidavits in the present case seem to accord substantially with the provisions of section 883 of the Penal Code. Under the rulings above referred to, an affidavit charging the offense of larceny would have been sufficient without any description of the property whatever. An affidavit charging one with the offense of larceny, sufficient to authorize the issuance of a warrant for his arrest, or one upon which a search warrant could lawfully issue, would seem to be a

sufficient foundation upon which to base an accusation charging with larceny the person alleged in the first instance to be guilty of larceny, or in the latter instance to be in the possession of the goods claimed to have been stolen; the law simply requiring that the accusation shall be based upon affidavit. If the accused is in custody, it is not necessary that any warrant shall issue on the affidavit which is used as a foundation for the accusation.

3. The evidence warranted the judgment rendered by the county judge, and there was no error in overruling the certiorari.

*Judgment affirmed. All the Justices concurring.*