### 1458.   ALEXANDER *v.* WEST *et al.*

An affidavit, a warrant, and an accusation in which it is alleged that a named person did "commit the offense of selling or otherwise disposing of mortgaged property," but not alleging any fraudulent or unlawful intent, charge no crime against the laws of this State, nor any criminal constituent element of an offense, and, therefore, constitute no legal basis of an action to recover damages for malicious prosecution.

Action for malicious prosecution, from city court of Floyd county—Judge Hamilton.   October 6, 1908.

Argued December 10, 1908.—Decided April 15, 1909.

*Seaborn & Barry Wright,* for plaintiff.

*M. B. Eubanks,* for defendants.

HILL, C. J.   This is a suit to recover damages for malicious prosecution, and comes before us on error assigned to the judgment of the trial court in sustaining a demurrer and dismissing the petition.   The suit is predicated on the arrest and prosecution of the plaintiff on a warrant issued by a justice of the peace, based on an affidavit therefor, and on an accusation in the city court, charging that the plaintiff, in the county of Floyd, "on the —— day of ———— in the year 1904," did "commit the offense of selling or otherwise disposing of mortgaged property." The petition, by amendment, further alleges, that the plaintiff in the present case was arrested on this warrant and confined in the common jail of the county; that he thereafter waived commitment trial or preliminary investigation by the justice, and was bound over to the city court under a $250 bond, and that subsequently an accusation was filed against him in the city court, "charging that petitioner did dispose of mortgaged property."

The view which this court takes of one controlling question in the case renders a decision on the others presented unnecessary. This controlling question is whether there was any criminal prosecution on which a suit for damages for malicious prosecution could be predicated.   Section 3843 of the Civil Code gives a right

of action to recover damages for "a criminal prosecution maliciously carried on, and without any probable cause," etc.  Do the affidavit and warrant, or the accusation in the city court, show that there was a prosecution for any criminal offense?  It may be stated that an affidavit and warrant need not describe the offense with all the technical particularity of criminal pleading, as in cases of indictment.  But it should affirmatively appear by both the affidavit and the warrant, or the affidavit and the accusation, that some criminal offense against the laws of this State was charged therein as having been committed by the defendant, or at least that the acts set out in the affidavit and warrant, or the affidavit and accusation, constitute the substance of some criminal offense, or, as Justice Atkinson expresses it, "some act amounting to a constituent element of such an offense."  It is no offense against the criminal laws of this State "to sell or otherwise dispose of mortgaged property;" and this does not amount to a criminal offense, unless the sale or other disposition of the personal property was made by the mortgagor before the payment of the mortgage debt, without the consent of, or with intent to defraud, the mortgagee, and loss was thereby sustained by the holder of the mortgage.  Every one of these things must appear before the sale or other disposition of mortgaged personal property amounts to a criminal offense.  It is clear, therefore, that the affidavit, warrant, and accusation upon which the suit for malicious prosecution is predicated do not describe any criminal offense, in form or in substance, or any criminal constituent of an offense.  It is not even charged in general terms that the act of selling, or other disposition of the personal property mentioned, was fraudulent or unlawful.  While the sale or other disposition of mortgaged personal property is a necessary part of a fraudulent sale of such property, yet it can not be said that the mere sale or disposition constitutes any criminal element of the offense.  On the contrary, the sale or other disposition of personal property might in many cases be legitimate and for the benefit of the mortgagee, and could not amount to a crime, unless it was fraudulent and resulted in damage.  Under the facts in this case, as set forth in the petition as amended, no criminal prosecution was maliciously instituted or carried on, because neither the affidavit and warrant nor the accusation set forth any crime or any criminal constitu-

ent of a crime; and, therefore, the appropriate remedy, if any,. was for malicious arrest and false imprisonment. For this reason the judgment of the court sustaining the demurrer and dismissing the petition must be affirmed. *Satilla Mfg. Co.* v. *Cason, 98 Ga..* 14 (25 S. E. 909, 58 Am. St. R. 287). *Judgment affirmed.*