### 3181. PYE *v.* GILLIS *et al.*

1. A petition which shows that the defendant swore out a criminal warrant charging the plaintiff with an offense against the laws of this State, though the offense was described only by giving one of the constituent elements by which it is commonly designated, and followed up this prosecution by going before the grand jury of the county and preferring an indictment for the same offense, in which the alleged crime was fully and distinctly set forth, and that the grand jury returned a "no bill," and that the prosecution was malicious and without probable cause, sets forth a valid cause of action for malicious prosecution.

2. The fact that the act creating a city court provides that all persons charged before magistrates of the county with misdemeanors shall be bound over to the city court for trial does not divest the superior court of jurisdiction in such cases, or deprive the grand jury impaneled at the superior court of the right to investigate an indictment preferred for a misdemeanor, for which a warrant had previously been sworn out before one of the magistrates in the county.

DECIDED JUNE 7, 1911.

Action for malicious prosecution; from city court of Sylvester—Judge Williamson. January 13, 1911.

*Claude Payton,* for plaintiff.

*Tipton & Passmore,* for defendants.

POWELL, J. Pye sued Mr. and Mrs. Gillis for malicious prosecution. The petition alleged, that for an improper purpose, set forth, Mr. Gillis procured his wife to go before a magistrate and, without probable cause and maliciously, to swear out a warrant charging the plaintiff with the offense of being drunk at her (Mrs. Gillis') residence, and that a warrant was issued charging him with this, as a misdemeanor, and that he was arrested; that no commitment. trial took place, but that shortly after the arrest Mrs. Gillis, ac-

companied by her husband, went before the grand jury, impaneled in the superior court, and preferred an indictment charging him with the same offense, upon which the grand jury returned a "no bill." This sets out enough of the petition for an understanding of the points we are called upon to decide. The court below sustained a general demurrer to the petition, and the plaintiff excepted.

1. The ground on which the action of the trial court in sustaining the general demurrer was based (so we are informed in the argument) was that the affidavit sworn out by Mrs. Gillis and the warrant based thereon charged no offense against the laws of this State, and were therefore void, and that the acts set forth did not constitute a prosecution. The rule is well settled that an action for malicious prosecution can not be based upon proceedings which show upon their face that they are void. If the prosecution is by affidavit and warrant, these papers should charge some offense. In the present case the affidavit under which the warrant issued charges that "Louis Pye did commit the offense of drunkenness at the residence of Elizabeth Gillis, in the town of Sylvester, in the county of Worth," on a named day. The warrant commanding the arrest of the defendant recited that the affidavit had been made by Mrs. Gillis, charging Louis Pye with "the offense of a misdemeanor—drunkenness at her residence in Sylvester, Georgia." For a criminal warrant to be valid as process, it is not necessary that the offense charged therein should be stated with that definiteness or certainty which is required in an indictment or accusation. Except in prosecutions for larceny, where certain additional facts are to be stated, the offense may be charged in the affidavit and in the warrant in general terms. See Penal Code (1910), §§ 904-906. It has been held that even a failure to allege these additional particulars in an affidavit to secure a warrant for larceny is not fatal. "It seems to be the settled law of this State that an affidavit need do no more than name the offense, without describing the way in which it was committed, or its character, with any degree of particularity." *Brown* v. *State,* 109 *Ga.* 570, 572 (34 S. E. 1031, 1032). For affidavits in which very meager or general descriptions of the offenses charged were given, but which were held to be valid, see *Dickson* v. *State,* 62 *Ga.* 583; *Brown* v. *State,* 109 *Ga.* 570 (34 S. E. 1031); *Glass* v. *State,* 119 *Ga.* 299 (46 S. E. 435); *Murphy* v. *State,* 119 *Ga.* 300 (46 S. E. 450):

*Howell* v. *State,* 5 *Ga. App.* 186 (62 S. E. 1000). In *Williams* v. *State,* 107 *Ga.* 693 (33 S. E. 641), an affidavit which charged the accused only with "the offense of committing a misdemeanor" at a certain time and in a certain county was held to be sufficient. It is true that if the accusation and warrant go into details in describing the offense, and disclose that the thing charged was not an offense at all, or fail to name some constituent element of an offense, the warrant does not constitute valid process, nor authorize an arrest thereunder. *Alexander* v. *West,* 6 *Ga. App.* 72 (64 S. E. 288); *Satilla Mfg. Co.* v. *Cason,* 98 *Ga.* 14 (25 S. E. 909, 58 Am. St. Rep. 287).

The affidavit in the present case did name a constituent element of the offense set forth in the Penal Code (1910), § 442, and described that offense in language by which it is commonly known. That section of the Penal Code provides that "if any person shall be and appear in an intoxicated condition on any public street or highway, or within the curtilage of any private residence not in the exclusive possession of the person or persons so intoxicated," etc., he shall be guilty of a misdemeanor. It is true that this section provides also that the drunkenness must be made manifest by boisterousness, or by indecent conduct, or by vulgar language, or by loud and violent discourse; but these things are made evidentiary characteristics of the offense, rather than constituent elements of it, within the meaning of that term as it is employed in the case of *Satilla Mfg. Co.* v. *Cason,* supra. Considering the fact that it is alleged in the petition that the plaintiff in the present case had been charged in the affidavit and in the warrant with one of the constituent elements by which the offense is commonly known, and that the defendants followed this up by going before the grand jury of the county and preferring an indictment which fully complied with the law as to specificness and definiteness, we think that a criminal prosecution was abundantly shown; and as malice and lack of probable cause are asserted, as well as the fact that the prosecution had terminated by the return of a "no bill" by the grand jury, we have no hesitancy in holding that the petition set forth a valid cause of action.

2. It was necessary for the plaintiff to show in his petition that the prosecution had terminated, and for this purpose he alleged the return of the "no bill" by the grand jury of the county. Defend-

ant's contention is that, while the allegation of the return of a "no bill" would ordinarily be sufficient, it is not so in the present instance, because, under the act creating the city court of Sylvester, the magistrates by whom criminal warrants are issued for misde-meanors are required to bind the offenders over to the city court for trial, and not to the superior court. This makes no difference. The superior court has concurrent jurisdiction with all other courts as to the trial of misdemeanors, and no direction given in a special law requiring that magistrates shall commit solely to another court can affect its jurisdiction. Until some other court has tried the case and disposed of it, the grand jury sitting in the superior court, has full authority to take up the matter, and to dispose of it by return of a true bill or a "no bill," as the case may be. The court erred in sustaining the demurrer.        *Judgment reversed.*