24376. CARY *v.* HIGHLAND BAKERY INC. *et al.*

DECIDED FEBRUARY 9, 1935.

*Thomas L. Slappey,* for plaintiff.
*Watkins, Grant & Watkins, Allan Watkins,* for defendant.

SUTTON, J. Plaintiff instituted suit for damages, predicated on the alleged malicious prosecution by the defendants of a criminal prosecution against her. Plaintiff alleged that the defendants charged and prosecuted her for certain penal offenses against the laws of this State, to wit violations of sections 95, 102 and 781 of the Penal Code (1910). No allegations were made as to any warrant or accusation having been sworn out for such alleged crimes.

554

She alleges that as the result of an altercation with the defendants, they called the police officers of the city of Atlanta and the plaintiff was arrested and given a copy of charges to appear before the police court magistrate of said city, who has, in addition to jurisdiction to try persons for offending against municipal ordinances, authority to act as a committing magistrate in said city for violations of the penal laws of this State. A demurrer to the petition was overruled, and the case proceeded to trial. Upon the conclusion of the evidence, the trial judge granted the defendants' motion for a nonsuit. Plaintiff later moved to reinstate the action, and to the judgment refusing to reinstate her case, she excepted.

No evidence was introduced as to any warrant for or prosecution by the defendants of the plaintiff for a violation of any criminal statute of this State. The evidence shows that plaintiff was given a summons to appear at police court in the city of Atlanta, but the summons is not in evidence, nor is there any evidence as to its contents. It appears from the card of dismissal by the court that the charge against plaintiff was "D C," and there was no explanation in the record of the meaning of "D C," but if we assume that these letters mean disorderly conduct, there is still no prosecution for a crime. Disorderly conduct is not a violation of the penal laws of this State. If disorderly conduct is a crime against the city of Atlanta, it would appear from a municipal ordinance, but no ordinance to this effect is contained in the record. This court can not take judicial cognizance of a city ordinance, and therefore is unable from the record in this case to determine whether there was a prosecution of the plaintiff of a criminal offense or not. This is true although the evidence shows that the plaintiff appeared before the recorder, and the defendants, Paree and Reeves, charged that she threw water upon bread of the Highland Bakery Inc. If such conduct was disorderly conduct, it does not appear. The recorder dismissed the case against plaintiff.

The fundamental basis of an action for damages on account of the malicious prosecution by the defendants of a criminal charge is that such defendants charged and prosecuted the plaintiff with a penal offense against the laws of this State. "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, gives him a cause of action." Civil Code (1910), § 4439. It is also essential that

the warrant or other accusation or summons charging the plaintiff with a criminal offense be a valid warrant, accusation or summons, charging such person with some criminal offense. See *Alexander v. West,* 6 *Ga. App.* 72 (64 S. E. 288); *Pye* v. *Gillis,* 9 *Ga. App.* 397 (71 S. E. 594); *Collum* v. *Turner,* 102 *Ga.* 534 (27 S. E. 680); *Satilla Mfg. Co.* v. *Cason,* 98 *Ga.* 14 (25 S. E. 909, 58 Am. St. R. 287). There was no evidence even that what the plaintiff did, to wit threw water on bread of the Highland Bakery Inc. and injured it, constituted disorderly conduct, or a violation of any municipal ordinance. As to what constitutes disorderly conduct and as to the necessity of introducing in evidence a municipal ordinance, making disorderly conduct an offense, see *Sheppard* v. *Jackson,* 11 *Ga. App.* 811 (76 S. E. 367); *Hood* v. *Von Glahn,* 88 *Ga.* 405, 414 (14 S. E. 564); *Pearson* v. *Wimbish,* 124 *Ga.* 701, 707 (52 S. E. 751, 4 Ann. Cas. 501). We are of the opinion that the evidence did not support the case made by the plaintiff in her petition, and was insufficient to authorize a recovery. Therefore the trial judge did not err in granting a nonsuit and in refusing to reinstate the case.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*