27474.  LOVELL *v.* DRAKE *et al.*

DECIDED JULY 8, 1939.

*Grover C. Powell, W. A. Mason, Orville A. Park, Orville A. Park Jr.,* for plaintiff.

*Beck, Goodrich & Beck, Joseph R. Cumming, Claude Christopher, S. B. Wallace, C. A. Byars, Maddox & Futral,* for defendants.

FELTON, J.  Alma Lovell sued certain officers of the City of Griffin, in one count, for alleged malicious prosecution, false arrest, and false imprisonment.  The petition as amended alleged that the defendants confederated and conspired against the petitioner, which conspiracy resulted in her being prosecuted, with malice and without probable cause, being falsely imprisoned, and being falsely arrested.  One ground of demurrer was that the petition was duplicitous, and that several causes of action were joined in the same count.  The court sustained the demurrers and dismissed the action.  The plaintiff excepted.

The petition was fatally defective in that it joined three separate and distinct contradictory and conflicting causes of action, arising out of the same circumstances, in one count.  "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action."  Code, § 105-801.  "False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." § 105-901.  "An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested."  § 105-1001.  If a warrant or process is valid, malicious arrest or malicious prosecution is the exclusive remedy, and an action for false imprisonment will not lie.  *Grist* v. *White,* 14 *Ga. App.* 147 (80 S. E. 519) ; *Teasley* v. *Nelson,* 39 *Ga. App.* 773 (148 S. E. 534) ; *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144), and cit.  If the warrant or process is void, an action for false imprisonment is the exclusive remedy.  *Cary* v. *Highland Bakery Inc.,* 50 *Ga. App.*

553 (179 S. E. 197); *Alexander* v. *West*, 6 *Ga. App.* 72 (64 S. E. 288); *Collum* v. *Turner*, 102 *Ga.* 534 (27 S. E. 680); *Satilla Manufacturing Co.* v. *Cason*, 98 *Ga.* 14 (25 S. E. 909, 58 Am. St. R. 287). Two or more separate and distinct causes of action may not be joined in the same count, over a proper and timely objection. *Hillside Cotton Mills* v. *Ellis*, 23 *Ga. App.* 45 (97 S. E. 459); *Daniels* v. *Booker*, 23 *Ga. App.* 644 (99 S. E. 228); *Gainesville &c. Ry. Co.* v. *Austin*, 122 *Ga.* 823 (50 S. E. 983); *Colquitt* v. *Georgia Railway Co.*, 146 *Ga.* 249 (91 S. E. 70). The plaintiff contends that the allegations of conspiracy, resulting in the acts complained of, render the above rule inapplicable to the facts of this case. She contends that separate counts were unnecessary, after amending her petition presumably to meet the demurrers. If a conspiracy in itself gave rise to a cause of action under the Georgia law, she would be correct; but such is not the case. "Where civil liability for a conspiracy is sought to be imposed, the conspiracy of itself furnishes no cause of action; the gist of the action is the damage, and not the conspiracy." *Woodruff* v. *Hughes*, 2 *Ga. App.* 361, 363 (58 S. E. 551); *Liberty Mutual Insurance Co.* v. *Lipscomb*, 56 *Ga. App.* 15 (192 S. E. 56); *Lambert* v. *Georgia Power Co.*, 181 *Ga.* 624 (183 S. E. 814). The fact of conspiracy only has the effect of increasing the number liable for the actual wrong done. It does not affect the rules of pleading against the alleged conspirators. The court did not err in sustaining the demurrer as to a misjoinder of causes of action, and in dismissing the action. It is unnecessary to pass on the other questions involved. *Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. I do not concur in the judgment solely and unconditionally affirming the judgment of the trial court, and without giving leave to amend the petition, sustaining the special demurrers on the ground of misjoinder of causes of action in one count, and dismissing the action. While, in my opinion, the petition as amended was not subject to general demurrer as against all the defendants, but may be subject to general demurrer as against some of the defendants, I do not concur in the judgment of affirmance as to all the defendants. As the judgment of affirmance as rendered has the effect of finally disposing of the case, it is not necessary in this dissent to point out specifically the defendants as against whom the petition, as amended, may or may

not set out a cause of action. I dissent from the judgment of affirmance, which affirms the judgment of the trial court as respects all the defendants.