## Cain *et al. v.* Kendrick.

Bell, Chief Justice. 1. "An affidavit made, or warrant issued, for the arrest of an offender against the penal laws, shall state, as nearly as practicable, the following facts, to wit: The offense, the county in which the same was committed, and the time when committed; and, when the offense charged is larceny, the ownership of the property alleged to have been stolen, or the person from whose possession it was taken, shall, as far as practicable, be stated in the affidavit and warrant." Code, § 27-103.

2. "If any person, after having made a mortgage deed to personal property, or bill of sale to secure debt, shall sell or otherwise dispose of said property or cause the same to be removed beyond the limits of the State before the payment of the mortgage debt or debt secured by bill of sale, without the consent of, and with intent to defraud, the mortgagee, and loss shall thereby be sustained by the holder of the mortgage or bill of sale, the offender shall be punished as for a misdemeanor." Code, § 67-9901.

3. Under the foregoing statutes, where an affidavit upon which a criminal warrant was founded stated that the accused did "commit the offense of a misdemeanor by disposing of radio upon which A. L. Cain held mortgage," and the warrant stated that the accused "did commit the offense of misdemeanor," the affidavit and warrant were sufficient to charge a crime against the laws of this State, and therefore were sufficient to constitute the basis for an action for malicious prosecution, so far as the question of charging an offense is concerned. *Dickson* v. *State*, 62 *Ga.* 583; *McAlpin* v. *Purse*, 86 *Ga.* 271 (12 S. E. 412); *Williams* v. *State*, 107 *Ga.* 693 (33 S. E. 641); *Surrels* v. *State*, 113 *Ga.* 715 (39 S. E. 299); *Taylor* v. *State*, 120 *Ga.* 484 (48 S. E. 158); *Kumpe* v. *Hall*, 167 *Ga.* 284 (145 S. E. 509).

(a) While the descriptive words in the affidavit, following the word "misdemeanor," were insufficient within themselves to charge a crime, they did not negative the immediately preceding statement that the accused committed the offense of a misdemeanor, and thus did not render the affidavit and the warrant invalid. *Brown* v. *State*, 109 *Ga.* 570 (2) (34 S. E. 1031); *Pye* v. *Gillis*, 9 *Ga. App.* 397, 399 (71 S. E. 594).

(b) The conclusions stated accord with the decision in *Satilla Manufacturing Co.* v. *Cason*, 98 *Ga.* 14 (25 S. E. 909, 58 Am. St. R. 287), where the affidavit did not state that a "misdemeanor" or other offense had been committed, and the particular act charged did not without more amount to an offense. *Collum* v. *Turner*, 102 *Ga.* 534 (27 S. E. 680); *Alexander* v. *West*, 6 *Ga. App.* 72 (64 S. E. 288).

(c) The first question propounded by the Court of Appeals is answered in the affirmative.

4. Where a person was arrested under a valid criminal warrant, which was dismissed by the justice of the peace before whom it was sworn out by an order or judgment entered and officially signed by him in the following language, "Dismissed by order of the prosecutor, cost paid by pros. 5/26/43," such order of dismissal would constitute prima facie a termination of the prosecution in favor of the person arrested. so

as to afford the basis for an action for malicious prosecution instituted on June 24, 1943, alleging the ultimate fact as to such favorable termination, in the absence of anything further as to continuing or abandoning the prosecution, and where all the other elements of an action for malicious prosecution are alleged. *Woodruff* v. *Woodruff,* 22 *Ga.* 237 (2) ; *Horn* v. *Sims,* 92 *Ga.* 421 (17 S. E. 670) ; *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73 (5) (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144) ; *Hartshorn* v. *Smith,* 104 *Ga.* 235 (30 S. E. 666).

(*a*) Accordingly, the second question propounded by the Court of Appeals is answered in the affirmative.               *All the Justices concur.*

No. 15076.   MARCH 7, 1945.

*Christopher & Futral,* for plaintiffs in error.

*L. W. Nance,* contra.