30497. CAIN *et al. v.* KENDRICK.

DECIDED APRIL 20, 1945.

*Christopher & Futral,* for plaintiffs in error.

*L. W. Nance,* contra.

MACINTYRE, J. 1. This is an action to recover damages for a malicious prosecution. The Court of Appeals certified to the Supreme Court the following questions:

"(a) Is a crime charged against the laws of this State, which would constitute a legal basis of an action to recover damages for a malicious prosecution, where the affidavit upon which a criminal warrant is founded states that the accused did 'commit the offense of a misdemeanor by disposing of radio upon which A. L.

·Cain held mortgage,' and where the warrant stated that the accused 'did commit the offense of misdemeanor?' See, in this connection, *Alexander* v. *West*, 6 *Ga. App.* 72; *Satilla Mfg. Co.* v. *Cason*, 98 *Ga.* 14; *Pye* v. *Gillis*, 9 *Ga. App.* 397; *Hester* v. *Shrouder*, 64 *Ga. App.* 572, 576; Milton v. Elmore, 4 Car. & P. 456 (172 Eng. R. 780); *Collum* v. *Turner*, 102 *Ga.* 534; *Berger* v. *Saul*, 113 *Ga.* 869; *Johnson* v. *State*, 58 *Ga.* 397, 399; *Blake* v. *State*, 112 *Ga.* 537.

"(b) Where a person was arrested under a valid criminal warrant, which was dismissed by the justice of the peace before whom it was sworn out by an order or judgment entered and officially signed by him in the following language, 'Dismissed by order of the prosecutor, cost paid by pros. 5/26/43,' would this constitute prima facie termination of the prosecution in favor of the person arrested, so as to afford the basis for an action for malicious prosecution instituted on June 24, 1943, alleging the ultimate fact as to such favorable termination, in the absence of anything further as to continuing or abandoning the prosecution, and where all the other elements for an action for malicious prosecution are alleged? See, in this connection, *Page* v. *Citizens Banking Co.*, 111 *Ga.* 73 (5); *Sykes* v. *South Side Bank*, 53 *Ga. App.* 450; *Mansor* v. *Wilcox*, 35 *Ga. App.* 213, 214; *Josey* v. *Cochran*, 9 *Ga. App.* 656; *Hartshorn* v. *Smith*, 104 *Ga.* 235."

The Supreme Court (*Cain* v. *Kendrick*, 199 *Ga.*   , 33 S. E. 2d, 417), answered these questions as follows:

"1. 'An affidavit made, or warrant issued, for the arrest of an offender against the penal laws, shall state, as nearly as practicable, the following facts, to wit: The offense, the county in which the same was committed, and the time when committed; and, when the offense charged is larceny, the ownership of the property alleged to have been stolen, or the person from whose possession it was taken, shall, as far as practicable, be stated in the affidavit and warrant. Code, § 27-103.'

"2. 'If any person, after having made a mortgage deed to personal property, or bill of sale to secure debt, shall sell or otherwise dispose of said property or cause the same to be removed beyond the limits of the State before the payment of the mortgage debt or debt secured by bill of sale, without the consent of, and with intent to defraud, the mortgagee, and loss shall thereby be sus-

tained by the holder of the mortgage or bill of sale, the offender shall be punished as for a misdemeanor.' Code, § 67-9901.

"3. Under the foregoing statutes, where an affidavit upon which a criminal warrant was founded stated that the accused did 'commit the offense of a misdemeanor by disposing of radio upon which A. L. Cain held mortgage,' and the warrant stated that the accused 'did commit the offense of misdemeanor,' the affidavit and warrant were sufficient to charge a crime against the laws of this State, and therefore were sufficient to constitute the basis for an action for malicious prosecution, so far as the question of charging an offense is concerned. *Dickson* v. *State,* 62 *Ga.* 583; *McAlpin* v. *Purse,* 86 *Ga.* 271 (12 S. E. 412); *Williams* v. *State,* 107 *Ga.* 693 (33 S. E. 641); *Surrels* v. *State,* 113 *Ga.* 715 (39 S. E. 299); *Taylor* v. *State,* 120 *Ga.* 484 (48 S. E. 158); *Kumpe* v. *Hall,* 167 *Ga.* 284 (145 S. E. 509).

"(a) While the descriptive words in the affidavit, following the word 'misdemeanor,' were insufficient within themselves to charge a crime, they did not negative the immediately preceding statement that the accused committed the offense of a misdemeanor, and thus did not render the affidavit and warrant invalid. *Brown* v. *State,* 109 *Ga.* 570 (2) (34 S. E. 1031); *Pye* v. *Gillis,* 9 *Ga. App.* 397, 399 (71 S. E. 594).

"(b) The conclusions stated accord with the decision in *Satilla Manufacturing Co.* v. *Cason,* 98 *Ga.* 14 (25 S. E. 909, 58 Am. St. R. 287), where the affidavit did not state that a 'misdemeanor' or other offense had been committed, and the particular act charged did not without more amount to an offense. *Collum* v. *Turner,* 102 *Ga.* 534 (27 S. E. 680); *Alexander* v. *West,* 6 *Ga. App.* 72 (64 S. E. 288).

"(c) The first question propounded by the Court of Appeals is answered in the affirmative.

"4. Where a person was arrested under a valid criminal warrant, which was dismissed by the justice of the peace before whom it was sworn out by an order of judgment entered and officially signed by him in the following language, 'Dismissed by order of the prosecutor, cost paid by pros. 5/26/43,' such order of dismissal will constitute prima facie a termination of the prosecution in favor of the person arrested, so as to afford the basis for an action for malicious prosecution instituted on June 24, 1943, alleging the

ultimate fact as to such favorable termination, in the absence of anything further as to continuing or abandoning the prosecution, and where all the other elements of an action for malicious prosecution are alleged. *Woodruff* v. *Woodruff*, 22 *Ga.* 237 (2) ; *Horn* v. *Sims*, 92 *Ga.* 421 (17 S. E. 670) ; *Page* v. *Citizens Banking Co.*, 111 *Ga.* 73 (5) (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144) ; *Hartshorn* v. *Smith*, 104 *Ga.* 235 (30 S. E. 666).

"(a) Accordingly, the second question propounded by the Court of Appeals is answered in the affirmative."

The Supreme Court answered both questions in the affirmative. The defendant in his brief states that he excepted to and filed his bill of exceptions to the overruling of his "general demurrers to the plaintiff's petition." The ruling of the Supreme Court in its answers is in effect that the grounds of the general demurrer were not meritorious, and, in accordance with such ruling, the judgment of the trial court overruling the defendant's general demurrer is affirmed.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*