38777. SMITH v. EMBRY *et al.*

DECIDED MARCH 16, 1961.

*Almon, Clien, McGregor & Payne, Everett L. Almon, Harvey A. Clien,* for plaintiff in error.

*W. Harvey Armistead, J. Robin Harris, McCurdy, Candler & Harris,* contra.

TOWNSEND, Presiding Judge. ■ The petition is very loosely drawn and it does not appear upon what cause of action the plaintiff intended to declare. Nevertheless, if the petition states a cause of action under any theory, the general demurrer should have been overruled.

■ One of the deficiencies of this petition is that it fails to say for what offense the plaintiff was arrested. As to actions for malicious prosecution, "the declaration, petition, or complaint must affirmatively show that a judicial proceeding was instituted against plaintiff, and the original proceeding, including process, must be adequately described." 54 C. J. S. 1040, Malicious Prosecution, § 76 (a). "The fundamental basis of an action for damages on account of the malicious prosecution by the defendants of a criminal charge is that such defendants charged and prosecuted the plaintiff with a penal offense against the laws of this State." *Cary v. Highland Bakery,* 50 Ga. App. 553, 554 (179 S. E. 197). The facts shown in *Cain v. Kendrick,* 199 Ga. 147 (3) (33 S. E. 2d 417), where it was alleged merely that a warrant issued charging the offense of "misdemeanor" based on an affidavit charging that the plaintiff in the malicious prosecution disposed of named mortgaged personalty, probably represent a minimum as to the averments necessary to show that a judicial proceeding was instituted. If the plaintiff was arrested and prosecuted under a valid warrant, the action is malicious prosecution; if wrongfully under a void warrant or no warrant the action is false imprisonment. These are distinct causes of action which cannot, against appropriate demurrer, be joined in the same count. *Lovell v. Drake,* 60 Ga. App. 325 (3 S. E. 2d 783). Where the warrant is void, malicious prosecution will not lie. *Satilla Mfg. Co. v. Cason,* 98 Ga. 14 (25 S. E. 909, 58 Am. St. Rep.

287); *Marshall v. Walker,* 50 Ga. App. 551 (178 S. E. 760); *Alexander v. West,* 6 Ga. App 72 (64 S. E. 288); *Pye v. Gillis,* 9 Ga. App. 397 (71 S. E. 594); *Collum v. Turner,* 102 Ga. 534 (27 S. E. 680). But in such event, if the plaintiff was arrested and imprisoned, he would have a cause of action for false imprisonment. *Code* § 105-901; *Lovell v. Drake,* 60 Ga. App. 325, supra. This corresponds with the old common-law action of trespass. *Thorpe v. Wray,* 68 Ga. 359 (2). Where the contrary does not appear, it can be assumed that the process under which the plaintiff was arrested is valid. *Gordon v. West,* 129 Ga. 532, 534 (1) (59 S. E. 232, 13 L. R. A. (NS) 549). Nevertheless, it would seem that at the very least the petition should state the offense for which the warrant of arrest issued. One of the elements necessary to make out a cause of action for malicious prosecution is that the petition must show a "prosecution for a criminal offense." *Ellis v. Knowles,* 90 Ga. App. 40 (81 S. E. 2d 884); *Cary v. Highland Bakery,* 50 Ga. App. 553, supra. The implication of the averments of this petition is that the defendants caused the plaintiff to be arrested for the offense of larceny, but this is not alleged in terms; if, however, the plaintiff had intended to make a case for false imprisonment, of course, no such averment would be necessary.

■ There also appear in this petition substantial elements of the tort of malicious arrest. See *Stevens v. Little-Cleckler Const. Co.,* 9 Ga. App. 483 (89 S. E. 597). "An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." *Code* § 105-1001. Malicious arrest or false arrest may be made by virtue either of a valid warrant maliciously and without probable cause (*Lovell v. Drake,* 60 Ga. App. 325, supra) or unlawfully under a void warrant or without a warrant (*Standard Surety &c. Co. v. Johnson,* 74 Ga. App. 823, 825, 41 S. E. 2d 576). Malicious arrest differs from malicious prosecution in only one particular. As is stated in *Barnes v. Gossett Oil Co.,* 56 Ga. App. 220 (1) (192 S. E. 254): "If a criminal process is sued out without probable cause and an arrest is made under it, the remedy of the accused depends on whether or not he is actually prosecuted under the warrant. If after the arrest the warrant is

dismissed or not followed up, the remedy is for malicious arrest. But if the action is carried on to a prosecution, an action for malicious prosecution is the exclusive remedy, and an action for malicious arrest will not lie. *Grist v. White*, 14 Ga. App. 147 (80 S. E. 519)." In *Swift v. Witchard*, 103 Ga. 193, 196 (29 S. E. 762) the court, stating that the petition did not set out a cause of action for malicious prosecution, held as follows: "The suing out of a warrant maliciously and without probable cause is a wrong; but whatever redress the person charged may have, it is not by an action to recover damages as for a malicious prosecution. The mere suing out of a warrant, without carrying on the prosecution so begun, may, under the authorities above referred to, in other jurisdictions be sufficient to sustain an action to recover damages; but it is because in such cases the institution of a criminal proceeding maliciously and without probable cause gives the right of action. But under our statute where this right of action is only given where such prosecution is carried on, the affidavit made for the purpose of having a warrant issued, though false, and made as the result of malice, and without any cause, will not serve as a proper foundation for this suit. Even if the warrant issued and the party was arrested, this; without more, would not be sufficient cause for such an action. The party aggrieved would have a right of action for malicious arrest, as is provided by the Civil Code in another section. Our legislation on this subject is consistent. While the issuance of a warrant maliciously and without probable cause, and the arrest of the party charged, will not support an action for malicious prosecution, it is sufficient ground on which may be based an action for damages caused by a malicious arrest. See Civil Code § 3854." As to what constitutes the "carrying on" of a prosecution, see *Page v. Citizens Banking Co.*, 111 Ga. 73 (4) (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. Rep. 144).

In *Waters v. Winn*, 142 Ga. 138 (1) (82 S. E. 537, L. R. A. 1915A 601, Ann. Cas. 1915D 1248) it is held: "The actions for malicious arrest and malicious prosecution are essentially of the same nature; the former being appropriate to arrests under civil process, and the latter to arrests under criminal process. In either action it is necessary to allege the termination of the

proceeding out of which the writ issued, in favor of the plaintiff." From all of the cases above cited, and in particular the earlier Supreme Court case of *Swift v. Witchard*, 103 Ga. 193, supra, it appears that the *Waters* case is inaccurate in stating that malicious arrest can be based only on civil process, by which is apparently meant a process such as bail in a trover proceeding. Nothing in *Code* § 105-1001 limits the action to one founded upon civil process. Nevertheless, since the only distinction between malicious arrest and malicious prosecution lies in the question of whether or not the prosecution was "carried on," that part of the ruling which holds that the plaintiff must show a termination in each instance appears to be sound. Malicious prosecution cases such as *Clark v. Douglas*, 6 Ga. App. 489 (65 S. E. 304) hold, where there has been a "carrying on" by appearance before a magistrate, a subsequent voluntary dismissal of the case in which the defendant pays all costs and abandons the prosecution is sufficient. This case cites *Page v. Citizens Banking Co.*, 111 Ga. 73, supra, which held that there was a termination where the defendant abandoned the prosecution before the committing magistrate and from him procured an order dismissing the warrant and discharging the accused. In *Grist v. White*, 14 Ga. App. 147, supra, and *Floyd County Dairies v. Brooks*, 61 Ga. App. 239, 240 (6 S. E. 2d 360), it is held that there must be a judicial ascertainment of the fact that the arrest was unlawful as evidenced by an order dismissing the warrant or vacating the process under which the arrest was made.

■ A warrant based on an affidavit sworn out by the prosecutor may be "abandoned" but it cannot be "dismissed" in the technical sense without the concurrence of a judicial officer. Such concurrence may be conclusively established from a docket entry or other such record made by a clerk of the court, even though it may not be a court of record. That part of this petition which alleges that the defendant *dismissed the prosecution* is a mere conclusion of the pleader and cannot be considered by this court, since the dismissal must come from the court and not the parties in a criminal case. *Code* § 27-1701; *Brown v. State*, 44 Ga. 300; *Sanders v. McKee*, 145 Ga. 507 (1) (89 S. E. 484). Yet in *Waters v. Winn*, 142 Ga. 138, 140, supra, it is stated that "such

termination may be caused by the voluntary abandonment of the case by the party who instituted the prosecution." We assume this to mean an abandonment followed by a proper order of discharge or dismissal on the court docket. It follows that the allegations of this petition as to termination were subject to special demurrer, which demurrer was in fact filed but not passed on by the trial court, but that they did contain sufficient allegations to show the purpose of the declarant and to form a basis on which an amendment could have been predicated.

Taking the petition as a whole, and considering its well pleaded averments as true, it appears that this plaintiff has suffered a wrong for which he is entitled to legal redress. His difficulty is that he has not made it appear what right of action he has, and the petition is defective to some extent as against any possible right of action. Under these circumstances the plaintiff should have another opportunity to perfect his petition if the facts are such as to authorize the essential allegations necessary to do so.

The judgment of the trial court is accordingly affirmed, but permission is hereby granted to the plaintiff to amend his petition before the remittitur of this court is made the judgment of the trial court, sufficient to cure the defects herein pointed out. *Horton v. Farmer*, 57 Ga. App. 759 (196 S. E. 112).

*Judgment affirmed with direction. Carlisle, Frankum and Jordan, JJ., concur.*